CORRINE M. HENDERSON, Respondent, *v.* EARL H. HENDERSON, Appellant.

**Jurisdiction — appearance — divorce — voluntary general appearance by attorney equivalent to notice of appearance — attorney who participates in trial of merits estopped from assailing jurisdiction — announcement in open court of special appearance when combined with conduct clearly indicating the contrary has effect of general appearance — motion to strike from judgment of divorce provisions requiring payment of money properly denied.**

1. A voluntary general appearance by the attorney for a defendant on the trial or hearing is the equivalent of the service of a notice of appearance under section 237 of the Civil Practice Act, and when he becomes an actor in the suit to the extent of participating in the merits he submits to the jurisdiction of the court. By accepting the benefits he is estopped from assailing the general nature of his appearance. (*Muslusky* v. *Lehigh Valley Coal Co.*, 225 N. Y. 584, distinguished.)

2. Where, therefore, upon a motion for judgment of absolute divorce by default, during the taking of testimony, defendant's counsel asked and obtained permission to cross-examine a witness and at that time confined his questions to matters relating to defendant's income but thereafter recalled three witnesses for cross-examination and put to them questions designed to prove a recriminatory plea, took exception to the court's refusal to admit such testimony in default of pleading and to the court's declaring the testimony closed and asked to have the record show that he had other witnesses in court to prove that the plaintiff had had improper relations with another man, counsel's announcement in open court of a special appearance, when combined with his conduct so clearly indicating a contrary position, has the effect of a general appearance. He may be deemed to have come before the court and attempted to try the merits of the case and so cannot deny jurisdiction. A motion, therefore, to strike from the judgment all provisions requiring payment of money was properly denied.

*Henderson* v. *Henderson*, 221 App. Div. 787, affirmed.

(Argued February 16, 1928; decided March 27, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered

August 3, 1927, which affirmed an order of Special Term denying a motion to vacate an order granting counsel fees and to modify an interlocutory judgment of divorce by striking therefrom provisions for alimony.

*Robert H. Tew* and *Glenn L. Buck* for appellant.   A general appearance giving the court jurisdiction of the person of the defendant can only be made by the methods prescribed in section 237 of the Civil Practice Act, to wit, by serving a notice of appearance, a copy of an answer or a notice of motion raising an objection to the complaint in point of law.   (*Muslusky* v. *Lehigh Valley Coal Co.,* 225 N. Y. 584; *Littauer* v. *Stern,* 177 N. Y. 233; *Farmer* v. *National Life Assn.,* 138 N. Y. 265; *Goldey* v. *Morning News,* 156 U. S. 518; *Merchants Heat & Light Co.* v. *Clow & Sons,* 204 U. S. 286; *Jaworower* v. *Rovere,* 98 Misc. Rep. 377; *Robinson* v. *Robinson,* 123 Misc. Rep. 80; *Avery* v. *Slack,* 17 Wend. 85; *Jones* v. *Jones,* 108 N. Y. 415; *Lazzarone* v. *Oishei,* 2 Misc. Rep. 200; *Boyton* v. *Keeseville Elec. Light & Power Co.,* 5 Misc. Rep. 118.)

*John J. McInerney* for respondent.   The defendant appeared generally and the court had jurisdiction of his person.   (*Matter of Atterbury,* 222 N. Y. 355; *Read* v. *Chillson,* 142 N. Y. 152.)   The defendant is bound by the appearance of his attorney who appeared generally in this action.   (*Kay* v. *Metropolitan St. Ry. Co.,* 163 N. Y. 447; *Austin* v. *Bartlett,* 178 N. Y. 310.)

O'BRIEN, J.   The parties were married and for several years resided together in this State.   Plaintiff still lives here.   Defendant became a resident of Pennsylvania and in that State was personally served in an action brought in New York for absolute divorce.   Upon his default in pleading, plaintiff moved for judgment, the Special Term heard testimony some of which was elicited by defendant's attorney who was present at the hearing, issued an order

allowing counsel fees, made findings of fact and conclusions of law and granted an interlocutory decree of divorce with alimony. After the entry of that judgment defendant's attorney, asserting that he appeared specially, moved to vacate the order allowing counsel fees and to modify the judgment by striking out all provisions requiring payment of money. His motion was denied and the Appellate Division unanimously affirmed the order. Defendant argues that, in the absence of personal service within this State, a money judgment against him is void, unless obtained after a general appearance and that there was no such appearance.

November 30, 1926, defendant was in Rochester. The next day testimony in this case was heard in Special Term in that city. An attorney, other than counsel who argued the appeal in this court, was present in behalf of defendant at the trial. After four witnesses had testified in support of the allegations of the parties' marriage and of defendant's adultery and in respect to his income, this attorney stated: " I am preserving my rights by not appearing generally, but I would like to ask one or two questions." The court replied that counsel would have to take his chances on his appearance but that he had the right to appear at any time. The attorney repeated the statement that he was not appearing generally, received permission to cross-examine and at that time confined his questions to matters relating to defendant's income. Then he caused three witnesses to be recalled for cross-examination. After a few questions had been asked by him, this colloquy occurred: " Mr. McInerney: I call attention to the fact that counsel is appearing generally in this matter. Mr. Buck: No, I am appearing specially. Mr. McInerney: Then I object to the examination at this time as a special appearance. Either he appears generally or specially. The Court: I will receive evidence on behalf of the defendant." Counsel then interrogated concerning the presence of a man named Macie-

jewski in plaintiff's house, claiming that his questions bore upon the financial condition of the parties. After many questions, clearly implying a recriminatory purpose, had been asked, that line of examination was stopped by the court. The attorney argued: " It seems to me it is competent to show whether she is being supported by somebody else and that is the purpose of my question, to show whether she is cohabiting at this house with another man." The Court: " No, I will not go into that." Nevertheless, counsel persisted in questions evidently designed to prove such facts as a plea of recrimination might have warranted, and took exception to the court's refusal to admit such testimony in default of pleading. Here is an example. " Q. At the time you talked to Mr. Henderson which you already testified on direct examination, did you or did you not say to him in words or substance that you knew that the fault was not all his? * * * The Court: Strike it out. Mr. Buck: Exception. The Court: If you want to defend this case on the merits, put in an answer." Even then, counsel disregarded the warning. He recalled a witness for the express purpose of investigating plaintiff's relations with Maciejewski. He wanted to know if Maciejewski had not visited the Henderson residence at Lake Placid and had a room there after defendant had left. This witness was not at that time cross-examined on any other subject, but after an objection to such questions had been sustained and exception taken, the following occurred: " The Court: This witness doesn't know anything about any financial transaction and that is all we are concerned with here. Mr. Buck: Exception. The Court: You are getting into the record a lot of suspicion and the court will make no finding upon any suspicion." Counsel then recalled plaintiff and questioned her for the purpose of proving that Maciejewski had been at her house in Rochester the day before the trial and on other occasions, that she had several fur coats and that she had brought an action

against her husband for separation before she sued for divorce. He asserted that by such questions he was " endeavoring to show that this case is one of prosecution and persecution. This is a matter where two actions have been brought against him." The court declared the evidence closed and the attorney excepted and asked to have the record show that he had other witnesses to call. They were then in court but at first he refused to divulge the nature of their testimony. At length he admitted that they did not intend to testify in respect to the financial circumstances of the parties. Excepting to the court's refusal to receive their testimony, he said: " I want to state that it will relate to the presence of another man in the residence which is now owned by the parties," and again excepted.

The certified question requires an answer whether the Supreme Court acquired jurisdiction of defendant's person sufficient to enable it to grant the judgment involved herein.

Before our decision in *Muslusky* v. *Lehigh Valley Coal Co.* (225 N. Y. 584) many trivial acts by a defendant were viewed as putting him in the position of an actor in litigation. The general rule in this State is that when a defendant becomes an actor in a suit to the extent of participating in the merits he submits to the jurisdiction of the court (*Farmer* v. *N. L. Association*, 138 N. Y. 265, 270) and that rule has the approval of the Supreme Court of the United States. In *Merchants H. & L. Co.* v. *Clow & Sons* (204 U. S. 286, 290), Mr. Justice HOLMES cited the *Farmer* case and observed that the difference of opinion grows out of the question as to when a defendant does become such an actor. This question is one largely of degree and the application of the rule must necessarily depend upon the facts. (*Matter of Macaulay*, 27 Hun, 577; affd., 94 N. Y. 574; *Thames & Mersey Ins. Co.* v. *U. S.*, 237 U. S. 19, 24, 25; *St. L. & S. F. Ry. Co.* v. *McBride*, 141 U. S. 127; *Richardson Mach. Co.* v. *Scott*, 276 U. S.

——.) When we said in the *Muslusky Case* (*supra*) that a general appearance cannot be made except in the manner indicated in section 421 of the Code (now section 237, Civil Practice Act), we had no thought to hold that a defendant participating in the litigation as an actor in a genuine and substantial sense will be permitted to contest the jurisdiction of his person by coupling with the participation a disclaimer of his willingness to be affected by its consequences. (*U. S. ex rel. Int. Cont. Co.* v. *Lamont*, 155 U. S. 303, 310; *Grant* v. *Pratt & Lambert*, 52 App. Div. 540, 548.) Such a rule would lead to incongruous results and the Legislature cannot have intended by declaring the form of an appearance to import such consequences into the body of our law. The statute prescribes the forms of pleadings, yet parties may try a case, if they will, without reference to the pleadings. (*Gillies* v. *Manhattan Beach Imp. Co.*, 147 N. Y. 420.) If they may waive the necessity of an answer, they may do the same as to an appearance. A defendant by accepting the benefits may be estopped from assailing the general nature of his appearance and may be held to have submitted to jurisdiction. The question here is: Did this defendant do so?

Unless the attorney at bar intended, if he could, to prevent any judgment for plaintiff or, failing in that, to repress the volume of alimony, his presence at the trial is enveloped in mystery. In the absence of objection, defendant could appear at any time. In open court his attorney could announce a general appearance. Such a practice is not uncommon and common practice has strong judicial approval. He took exception to rulings relating to matters other than jurisdiction. He had his witnesses in court and asked permission to place them on the stand for the purpose of supplying evidence affecting the essence of the case. Every syllable that he uttered points unerringly to an attempt to prove facts which, if

28

credited, would prevent judgment against his client or to an attempt to keep down the amount of alimony. Not a word on the trial relates to jurisdiction and that is the only purpose for which a special appearance is recognized. (*Muslusky* v. *L. V. Coal Co., supra.*) He protested that he appeared specially, but the assertion of a special appearance accompanied by inconsistent conduct may be confuted by the facts. (*Matter of Atterbury,* 222 N. Y. 355, 362.) We think that counsel's announcement in open court of a special appearance when combined with his conduct so clearly indicating a contrary position has the effect of a general appearance. He may be deemed to have come before the court and to have attempted to try the merits of the case and so cannot deny jurisdiction. (*Reed* v. *Chilson,* 142 N. Y. 152, 155.) The correction of the judgment by the recital of a general appearance was consistent with the facts and, accordingly, the question certified should be answered in the affirmative and the order should be affirmed, with costs.

POUND, J. (concurring). A voluntary general appearance by the attorney for a defendant on the trial or hearing is the equivalent of the service of a notice of appearance, under Civil Practice Act, section 237. " He thereby submits himself to the jurisdiction of the court, and no disclaimer which he may make upon the record, that he does not intend to do so, [*i. e.,* appear generally] will be effectual to defeat the consequences of his act." (*Farmer* v. *N. L. Assn.,* 138 N. Y. 265, 270.) The *Muslusky* case dealt only with appearances before trial and did not involve the consideration of appearances on the trial.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur with O'BRIEN, J.; POUND, J., concurs in memorandum in which all concur.

Order affirmed, etc.