## STATE EX REL. ARTHUR PETERSON v. CITY OF ALEXANDRIA.[1]

May 2, 1941.

No. 32,794.

*Frank L. King,* for appellant (relator below).

*R. S. Thornton,* for respondent.

[1]Reported in 297 N. W. 723.

JULIUS J. OLSON, JUSTICE.

Appeal from a judgment entered pursuant to findings and order. Hereafter we shall refer to appellant as "plaintiff" and to the city of Alexandria as the "city."

The record establishes the following facts: Plaintiff was licensed under an ordinance authorizing and regulating the sale of non-intoxicating malt liquors, commonly known as 3.2 beer. Later, while operating under such license, specifically on October 12 and again on October 19, 1940, he permitted whiskey to be sold in his place of business by a bootlegger, this being done "openly and promiscuously." The bootlegger would sell the whiskey to customers of plaintiff, whose waitresses would then furnish the soft drinks with which to mix the bootlegger's more potent stuff. In selling the soft drink "mix" double prices were charged to the customer. The city council, when it learned of the kind of business being carried on by plaintiff and others, served notice upon him that at a given time and place "the city council * * * will hold a hearing * * * for the purpose of determining whether or not the licenses heretofore granted to you * * * should be revoked, and you are hereby requested to appear at said hearing." Pursuant thereto plaintiff attended the hearing, and testimony was duly taken and recorded both for and against him. He was given full opportunity to testify in his own behalf, and he made use of the privilege by testifying and furnishing his own explanation of what had taken place. The council, after the hearing and by appropriate order, revoked his license. Plaintiff thereupon brought *certiorari* to review the council's proceedings. The district court heard and considered the matter upon the recorded proceedings thus had. Upon these the findings here complained of are based, as is also the judgment.

■ As there are no assignments of error, we go directly to the one and only question that can be said to be of importance here, namely, the sufficiency of the evidence to sustain the order of the council, later sustained by the district court. We have examined

the evidence as disclosed by the record and have come to the same conclusion as that reached below. The council and the trial court were not only justified, but upon this record were compelled, to make the findings they did. Plaintiff's admissions alone go far enough to justify revocation of his license.

■ Since the proceeding in *certiorari* is in the nature of an appeal, the record to be considered is that made and certified by the tribunal whose proceedings are under review. That return, insofar as it is responsive to the writ, is conclusive upon the court on such review. State ex rel. Sholund v. City of Duluth, 125 Minn. 425, 147 N. W. 820; *cf.* State ex rel. Lund v. City of Bemidji, 209 Minn. 91, 96-97, 295 N. W. 514, 516-517.

■ Where, as here, the complaining party appeared pursuant to notice before the city council without objection and contested the proceeding on its merits, *held* that he could not question the sufficiency of the notice or the form of charges made against him. State ex rel. Sholund v. City of Duluth, *supra.*

Judgment affirmed.