## IN RE ACQUISITION OF FLYING CLOUD AIRPORT. STATE EX REL. DePONTI AVIATION COMPANY, INC. v. MINNEAPOLIS-ST. PAUL METROPOLITAN AIRPORTS COMMISSION.[1]

May 14, 1948.

No. 34,609.

[1] Reported in 32 N. W. (2d) 560.

*Oppenheimer, Hodgson, Brown, Donnelly & Baer,* for appellant (respondent below).

*Fred K. Gage,* for respondent (relator below).

MATSON, JUSTICE.

In certiorari proceedings, the Minneapolis-St. Paul Metropolitan Airports Commission, a public corporation (hereinafter called the commission), appeals from an order of the district court vacating the commission's order for the acquisition of Flying Cloud Airport.

In furtherance of its policy favoring the creation, ownership, and operation of a secondary airport system, the commission on May 8, 1947, held a public hearing anent its proposed acquisition of an existing and licensed flying field known as Flying Cloud Airport. Notice of the hearing was given by publication and by actual service of notice upon the American Aviation Corporation as owner of said airport. The relator, DePonti Aviation Company, Inc., through its

attorney, appeared at the hearing and participated therein to the extent of calling the commission's attention to L. 1947, c. 363, § 15 (M. S. A. 360.111, as amended), which, with respect to any existing and licensed airport, provides in part as follows:

"* * * such airport shall not be acquired or taken over by the corporation [commission] except after notice to all interested parties, a public hearing had, and a finding by the corporation that the operation of such airport is inconsistent with the safety of flight to and from airports owned or operated or presently to be or being constructed to be operated by the corporation [commission] * * *."

Relator suggested that the commission possibly had no authority to acquire Flying Cloud Airport for the purpose of continuing its operation as part of a publicly owned secondary airport system because the above statute apparently prohibits the acquisition of any existing licensed airport except upon a specific finding that its continued operation is an air traffic hazard. Under relator's theory, if said statute is applicable, no licensed airport in existence may be acquired except for the sole purpose of effecting its elimination as an operating field. The hearing, however, was continued on the basis that the applicability and effect of the statute could be determined later. Relator, after first advising the commission that it was not opposed to the creation of a secondary airport system, suggested that its creation be accomplished through the establishment of new airports and not through the acquisition of those already existing. In support of its suggestion, relator asked to be given five or six days in which to furnish the commission with certain data on secondary airports and private flying fields. The data was never supplied. Subsequently, without making a finding that the continued operation of Flying Cloud Airport was inconsistent with the safety of flight to and from other airports, the commission ordered that said airport be acquired by condemnation.

Relator as a taxpayer petitioned the district court for, and was granted, a writ of certiorari for the review and stay of the commission's proceedings. A motion to quash on the ground that relator

was not a party to the proceedings was denied. The trial court then made an order vacating the commission's order for the acquisition of Flying Cloud Airport on the ground that such order was illegal in the absence of a finding that the operation of such airport was inconsistent with the safety of flight to and from other airports in the metropolitan area.

1. Whether L. 1947, c. 363, § 15 (M. S. A. 360.111, as amended), is here applicable, so as to require a finding that the continued operation of Flying Cloud Airport constitutes a traffic hazard, need not be determined unless it is first established that relator has properly invoked the jurisdiction of the court through certiorari. Under our practice, the writ of certiorari is a writ of review in the nature of a writ of error or an appeal. State ex rel. Nordin v. Probate Court, 200 Minn. 167, 273 N. W. 636; 1 Dunnell, Dig. & Supp. § 1391. The right of appeal is purely statutory and is subject to such conditions as the legislature sees fit to impose. Williams v. Minnesota State Board of Medical Examiners, 120 Minn. 313, 139 N. W. 500; State v. Tri-State T. & T. Co. 146 Minn. 247, 250, 178 N. W. 603, 604.

2-3. L. 1947, c. 363, § 19 (M. S. A. 360.125), expressly provides that the writ of certiorari shall issue upon the *"petition of any party to the proceedings before the commission."* (Italics supplied.) Was relator a party to the proceedings? Whether a litigant is a party to the proceedings so as to qualify for a writ of certiorari must be determined from the record made and certified by the court, board, or commission whose proceedings are under review, and a return thereof which is responsive to the writ is conclusive upon appeal. State ex rel. Peterson v. City of Alexandria, 210 Minn. 260, 297 N. W. 723. According to the record, relator is not the owner of Flying Cloud Airport and does not have any interest in the surrounding property. Relator's indirect interest as an active participant in aviation is by itself of no significance. See, Steenerson v. G. N. Ry. Co. 60 Minn. 461, 62 N. W. 826. Likewise, it is obvious that relator, by merely appearing at the hearing by its attorney to offer advice and suggestions, acquired thereby no standing as a party to the proceedings.

Relator assumes, however, that its appearance and participation in the public hearing, coupled with its status as a taxpayer, made it a party to the proceeding within the meaning of the statute. In view of the nature of the writ of certiorari and the signification heretofore given to the phrase "party to the proceedings," relator's assumption is without merit. In State v. Tri-State T. & T. Co. 146 Minn. 247, 251, 178 N. W. 603, 604, this court in construing such phrase in a similar statute said:

"* * * We are under no necessity of searching for the intention of the legislature. It has used the term 'party to a proceeding' in the same sense as 'party to an action.' A stranger to an action cannot take any part in it except to intervene or apply for leave to become a party. * * * He is not a party merely because he is directly interested in the result. * * * or has an independent claim he seeks to assert without being named as a party. * * * The term 'parties' includes those who are directly interested in the subject matter and who have the right to control the proceedings, examine and cross-examine the witnesses and appeal from the order or judgment finally entered. * * * The phrase 'a party to the proceeding' is to be construed in its ordinary legal meaning, and embraces only such persons as are parties in a legal sense and who have been made or become such in some mode prescribed or recognized by law, so that they are bound by the proceeding."

In the more recent case of State and R. R. & W. H. Comm. v. R. I. M. T. Co. 209 Minn. 105, 295 N. W. 519, in harmony with certain foreign jurisdictions, we stated the rule to be that one who appears as an actor in a litigation or proceeding claiming or asserting an interest in the subject matter thereof is a party, although he may have failed to file a written pleading. Unless this rule is interpreted in the light of the facts to which it was applied, it serves no purpose other than to extend the horizon of confusion. In Merchants Heat & Light Co. v. J. B. Clow & Sons, 204 U. S. 286, 290, 27 S. Ct. 285, 286, 51 L. ed. 488, 490, Mr. Justice Holmes pointed out the divergence of opinion as to what constitutes an "actor." By

substituting the word "actor" for "party," we have scarcely accomplished more than to trade one label of uncertainty for another. Assuming that a person is an *actor* in a proceeding, to what extent must he participate to become recognized as a *party?* In Henderson v. Henderson, 247 N. Y. 428, 433, 160 N. E. 775, 777, the court said "that a defendant participating in the litigation as an actor in a genuine and substantial sense" is subject to the jurisdiction of the court. What is genuine and substantial to one may not be so to another. What kind of an interest must the so-called genuine and substantial actor assert? Obviously, at its best the rule, as worded, is nothing but an elastic yardstick whereby, according to the current outlook of the court, the same degree of participation may one day constitute the actor a party to the proceeding and the next day not. If we ignore the ambiguity of its terms, the scope of the rule may be determined from the facts to which it was applied in State and R. R. & W. H. Comm. v. R. I. M. T. Co. 209 Minn. 105, 295 N. W. 519, and from the prior decisions therein distinguished. Both before the commission and the district court, the Brotherhood of Railroad Trainmen, in response to notice, but without making a formal appearance, with the tacit consent of the respondent, participated actively in the proceeding as a contestant on the merits. In respect to the issue of whether the respondent should be permitted to operate a truck line in conjunction with the railroad, the Brotherhood had an interest peculiar to itself and its members apart from the interest of the public at large. By the outcome of the proceedings, the Brotherhood would be affected adversely or favorably. Upon this set of facts, the Brotherhood was properly held to be a party to the proceedings. In so holding, however, the court distinguished the prior decisions of State v. Tri-State T. & T. Co. 146 Minn. 247, 178 N. W. 603, and Steenerson v. G. N. Ry. Co. 60 Minn. 461, 62 N. W. 826, by stating that they were not in point (209 Minn. 112, 295 N. W. 524) "for the reason that in each of those cases there was no appearance or litigation by consent and the presence of the party claiming the right to appear was objected to at the first opportunity below." Obviously, these decisions were not merely distinguished, but in part

actually overruled, in that a broader definition of the phrase "party to the proceedings" was adopted. See, 25 Minn. L. Rev. 938. It is submitted that the correct rule, and the one actually applied, is as follows:

An actor who participates, with or without formal pleading or intervention, as an active contestant on the merits for the determination of issues of law or fact, and who by the outcome of the proceeding will be bound and affected either favorably or adversely, with respect to an asserted interest peculiar to him as distinguished from an interest common to the public or other taxpayers in general, is a party to the proceeding.

There is a distinction between participating in the proceedings simply to assist in clarifying the issues and in participating therein on the merits as a party asserting a peculiar interest likely to be affected by the outcome. See, Steenerson v. G. N. Ry. Co. 60 Minn. 461, 474, 62 N. W. 826, 830; 25 Minn. L. Rev. 938.

4. Applying the above rule, it is obvious that relator never became a party to and was not bound by the proceedings. Any order of the commission in regard to Flying Cloud Airport could have no different effect upon relator than it would have upon any other taxpayer. The fact that relator is a taxpayer is not alone sufficient to give it a right by certiorari to review the commission's proceedings, involving the exercise of a legislative or administrative function, without a showing that relator possessed an interest not common to all taxpayers.[2] It had no such interest in the subject matter as would make its participation as a party to the proceedings either necessary or proper. Although taxpayers have a remedy for thwarting an illegal expenditure of public funds, relator's remedy is not

---

[2]This is the general rule. See, Conklin v. County Commrs. 13 Minn. 423 (454); Collins v. City of Keokuk, 108 Iowa 28, 78 N. W. 799; Sampson v. Commrs. of Highways, 115 Ill. App. 443; Annotations, Ann. Cas. 1913C, 911, 103 A. S. R. 112, 18 Ann. Cas. 667; 10 Am. Jur., Certiorari, § 17; 52 Am. Jur., Taxpayers' Actions, § 31. For illustrations of acts involving exercise of administrative or legislative functions, see 5 Dunnell, Dig. & Supp. § 8078e, and cases cited under note 29.

through certiorari. A holding to the contrary would be to vest any taxpayer who appeared at a public hearing of the commission with the right to a writ of certiorari and a consequent right to take control of subsequent proceedings to the exclusion of the real parties in interest. Conklin v. County Commrs. 13 Minn. 423 (454); Steenerson v. G. N. Ry. Co. 60 Minn. 461, 62 N. W. 826; State v. Tri-State T. & T. Co. 146 Minn. 247, 178 N. W. 603.

The order of the trial court is reversed.

Reversed.

PETERSON, JUSTICE (concurring specially).

1. Because the purpose of the proceedings before the commission was to consider matters of the commission's policy and not to determine private rights or to take any action affecting them, DePonti could not and did not become a party to a litigation or proceeding. Amalgamated Utility Workers v. Consolidated Edison Co. 309 U. S. 261, 60 S. Ct. 561, 84 L. ed. 738. By voicing its views before the commission with respect to the matters then under consideration, DePonti could no more become a party than one could by doing so at a town meeting.

2. While I think that in view of what I have said there is no reason to define a "party" and while I quite agree with the majority's definition of an "actor," I think that giving currency to the quotation from State v. Tri-State T. & T. Co. 146 Minn. 247, 178 N. W. 603, to the effect that one must be named as a party in order to be such obscures the effect of the court's decision here to the effect that one may be a party without being named as such. The decision *sub silentio* overrules the Tri-State T. & T. case insofar as it holds otherwise. Since that is true, we should for lack of explicit expression that such is the effect of our decision make it crystalline clear that that is precisely what is intended.

An actor in a litigation or proceeding is a party. Whether he was an actor is to be determined entirely by his conduct. As held in Henderson v. Henderson, 247 N. Y. 428, 160 N. E. 775, cited by us in State and R. R. & W. H. Comm. v. R. I. M. T. Co. 209 Minn. 105, 110,

295 N. W. 519, 523, the reason for the rule is that one who has been in fact a party should be held to be so in law, and the test whether he has been such an actor is whether he participated on the merits as a party.

Holding that one who is an actor in a litigation or proceeding is a party simply attaches to his conduct the normal consequences thereof. If one assumes the role of a litigant, he is held to be one. The rule has regard for the substance of things and involves the application of standards found to be amply definite and specific in cases involving voluntary appearances. In application, it harmonizes the rules with respect to parties and to appearances and is eminently fair and reasonable as being in furtherance of justice. As said in Montgomery v. East Ridgelawn Cemetery, 182 Misc. 562, 563, 44 N. Y. S. (2d) 295, 296:

"The test to be applied in determining whether there has been a submission to jurisdiction is whether the party has become an *actor* therein by participating in the suit on the merits. (Henderson v. Henderson, 247 N. Y. 428 [160 N. E. 775].) Where a party makes a motion addressed to the subject matter of the complaint, he becomes such an *'actor'* and must be held to have appeared generally. * * * I therefore hold that defendant, in coupling its motion to dismiss for lack of personal jurisdiction with a motion addressed to the merits, has submitted itself to the jurisdiction of this court. As was said in Armstrong v. Langmuir (6 F. 2d 369 [C. C. A. 2d]) by HAND, J.: 'A man may not say that he is not properly before the court, and in the same breath argue that, if he be, there is no ground to hold him. Courts have found an inconsistency in such an attitude which has led them to insist that a motion upon the merits presupposes that the party is before the court.' (See, also, Note, 111 A. L. R. 925.)" (Italics supplied.)

In the Merchants Heat & Light Co. case, the court in an opinion by Mr. Justice Holmes adopted the "actor" rule as a convenient one for solution of the problem there presented and said (204 U. S. 286, 290, 27 S. Ct. 285, 286, 51 L. ed. 488, 490):

"* * * This single fact shows that the defendant, if he elects to sue upon his claim in the action against him, assumes the position of an *actor* and must take the consequences. * * *.

\* \* \* \* \*

"There is some difference in the decisions as to when a defendant becomes so far an *actor* as to submit to the jurisdiction, but we are aware of none as to the proposition that when he does become an *actor* in a proper sense he submits. * * * As we have said, there is no question at the present day that, by an answer in recoupment, the defendant makes himself an *actor,* and to the extent of his claim, a cross plaintiff in the suit." (Italics supplied.)

The rule that an actor in a litigation is a party is not, as the majority says, "nothing but an elastic yardstick whereby, according to the current outlook of the court, the same degree of participation may one day constitute the actor a party to the proceeding and the next day not" any more than is the rule embodied in the definition adopted by it. The definition affords no more definite and certain criteria for determining who is a party than does the "actor" rule. In applying the definition, the following questions must be decided in every case, viz.: Who participates? Who is an active contestant on the merits? Who will be bound by the proceedings? Who will be affected either favorably or adversely? In answering these questions, the same latitude of decision remains as in deciding those arising in applying the "actor" rule. The fact that great courts like the Supreme Court of the United States and the Court of Appeals of New York and great judges like Holmes and Hand have approved the actor rule is in itself assurance against the charges leveled at it in the quotation above.

Mr. Justice Knutson, not having been a member of the court at the time of the argument, took no part in the consideration or decision of this case.