1. Because the purpose of the proceedings before the commission was to consider matters of the commission's policy and not to determine private rights or to take any action affecting them, DePonti could not and did not become a party to a litigation or proceeding. Amalgamated Utility Workers v. Consolidated Edison Co. 309 U.S. 261, 60 S. Ct. 561,84 L. ed. 738. By voicing its views before the commission with respect to the matters then under consideration, DePonti could no more become a party than one could by doing so at a town meeting.
2. While I think that in view of what I have said there is no reason to define a "party" and while I quite agree with the majority's definition of an "actor," I think that giving currency to the quotation from State v. Tri-State T. T. Co.146 Minn. 247, 178 N.W. 603, to the effect that one must be named as a party in order to be such obscures the effect of the court's decision here to the effect that one may be a party without being named as such. The decision sub silentio
overrules the Tri-State T. T. case insofar as it holds otherwise. Since that is true, we should for lack of explicit expression that such is the effect of our decision make it crystalline clear that that is precisely what is intended.
An actor in a litigation or proceeding is a party. Whether he was an actor is to be determined entirely by his conduct. As held in Henderson v. Henderson, 247 N.Y. 428, 160 N.E. 775, cited by us in State and R. R. W. H. Comm. v. R. I. M. T. Co.209 Minn. 105, 110, *Page 280 295 N.W. 519, 523, the reason for the rule is that one who has been in fact a party should be held to be so in law, and the test whether he has been such an actor is whether he participated on the merits as a party.
Holding that one who is an actor in a litigation or proceeding is a party simply attaches to his conduct the normal consequences thereof. If one assumes the role of a litigant, he is held to be one. The rule has regard for the substance of things and involves the application of standards found to be amply definite and specific in cases involving voluntary appearances. In application, it harmonizes the rules with respect to parties and to appearances and is eminently fair and reasonable as being in furtherance of justice. As said in Montgomery v. East Ridgelawn Cemetery, 182 Misc. 562, 563, 44 N. Y. So.2d 295, 296:
"The test to be applied in determining whether there has been a submission to jurisdiction is whether the party has become anactor therein by participating in the suit on the merits. (Henderson v. Henderson, 247 N.Y. 428
[160 N.E. 775].) Where a party makes a motion addressed to the subject matter of the complaint, he becomes such an 'actor'
and must be held to have appeared generally. * * * I therefore hold that defendant, in coupling its motion to dismiss for lack of personal jurisdiction with a motion addressed to the merits, has submitted itself to the jurisdiction of this court. As was said in Armstrong v. Langmuir (6 F.2d 369 [C.C.A.2d]) by HAND, J.: 'A man may not say that he is not properly before the court, and in the same breath argue that, if he be, there is no ground to hold him. Courts have found an inconsistency in such an attitude which has led them to insist that a motion upon the merits presupposes that the party is before the court.' (See, also, Note, 111 A.L.R. 925.)" (Italics supplied.)
In the Merchants Heat Light Co. case, the court in an opinion by Mr. Justice Holmes adopted the "actor" rule as a convenient one for solution of the problem there presented and said (204 U.S. 286, 290, 27 S. Ct. 285, 286, 51 L. ed. 488,490): *Page 281 
"* * * This single fact shows that the defendant, if he elects to sue upon his claim in the action against him, assumes the position of an actor and must take the consequences. * * *
* * * * *
"There is some difference in the decisions as to when a defendant becomes so far an actor as to submit to the jurisdiction, but we are aware of none as to the proposition that when he does become an actor in a proper sense he submits. * * * As we have said, there is no question at the present day that, by an answer in recoupment, the defendant makes himself an actor, and to the extent of his claim, a cross plaintiff in the suit." (Italics supplied.)
The rule that an actor in a litigation is a party is not, as the majority says, "nothing but an elastic yardstick whereby, according to the current outlook of the court, the same degree of participation may one day constitute the actor a party to the proceeding and the next day not" any more than is the rule embodied in the definition adopted by it. The definition affords no more definite and certain criteria for determining who is a party than does the "actor" rule. In applying the definition, the following questions must be decided in every case, viz.: Who participates? Who is an active contestant on the merits? Who will be bound by the proceedings? Who will be affected either favorably or adversely? In answering these questions, the same latitude of decision remains as in deciding those arising in applying the "actor" rule. The fact that great courts like the Supreme Court of the United States and the Court of Appeals of New York and great judges like Holmes and Hand have approved the actor rule is in itself assurance against the charges leveled at it in the quotation above.
MR. JUSTICE KNUTSON, not having been a member of the court at the time of the argument, took no part in the consideration or decision of this case. *Page 282