## J. L. SHIELY COMPANY v. CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY.

91 N. W. (2d) 116.

June 13, 1958—No. 37,437.

*James H. Mulally,* for appellant.
*Stuart W. Rider, Jr.,* and *Roland D. Graham,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court dismissing an appeal from an order of the Minnesota Railroad and Warehouse Commission.

The proceeding out of which this appeal arises was commenced

before the Minnesota Railroad and Warehouse Commission, herein referred to as the commission, by the filing of a petition by the Minnesota Lines Committee in June 1954, in behalf of respondent, Chicago, Milwaukee, St. Paul & Pacific Railroad Company, hereafter called the railroad, to publish a rate of 75 cents per net ton on sand and gravel moved from Spur No. 383 of the railroad near Hastings, Minnesota, to St. Paul, Minneapolis, Minnesota Transfer, and St. Louis Park, Minnesota.

After several resettings the hearing was finally held by the commission on June 24, 1956. Appellant, J. L. Shiely Company, referred to as Shiely, received notices of the reset hearing dates according to the affidavit of its executive vice president. It appeared at the hearing as a protestant, at which time witnesses testified for both the railroad and Shiely and were cross-examined by the parties. Thereafter on July 12, 1956, the commission filed its report, findings of facts, and order which read in part:

"\* \* \* that the petition herein be and the same is hereby denied without prejudice to the proponent railroad company herein establishing a rate of 75 cents per net ton, subject to Ex Parte No. 196, increases for application from and to the points named in paragraph 1 hereof, and at the same time establishing a rate of 52 cents per net ton, subject to Ex Parte 196 increase, from and to the points named in paragraph 5, hereof."

On October 9, 1956, the commission filed an order reopening the matter and set a date for further hearing. In January 1957 Shiely petitioned the commission to be permitted to file a complaint in intervention. The railroad opposed the petition which was denied without prejudice to the petitioner filing a separate complaint as to the unreasonableness of the present rate or rates. No appeal was taken by Shiely from that action of the commission.

After two cancellations of the original date, the second hearing was held on April 16, 1957. Shiely was given notice of all the reassignment dates according to the affidavit of its officer and was represented at the April 16th hearing by its attorney, at which time a witness was heard and an exhibit received in its behalf.

With respect to the policy of the commission in connection with hearings, the affidavit of the commission's secretary states that the hearings before the commission are public and any person, whether he received a notice or not, is permitted to state his position on any matter before the commission and give testimony material to such proceedings. However, persons receiving notices of hearings and persons appearing to take part in such hearings are not parties to such proceedings unless such person be a party as defined by the Railroad and Warehouse Commission Rules of Practice. Rule III reads in part as follows:

"The parties to proceedings before the commission are termed: (a) complainants; or (b) respondents; but in addition, according to the nature of the proceeding and their relation thereto, there may be (c) intervenors.

*  *  *  *  *

"The person or persons against whom complaint is made are styled respondents.

*  *  *  *  *

"Complainants permitted to intervene, as hereinafter provided, are styled intervenors; and if such permission is granted, the petitioner, thereby, becomes an intervenor and a party to the proceeding. But leave will not be granted except on petition containing allegations reasonably pertinent to the issues tendered on behalf of complainant or respondent and which do not unduly broaden them."

Rule IV provides that any person entitled to complain to the commission and anyone having an interest therein may petition for leave to intervene in any pending proceeding prior to or at the time set for the hearing but not thereafter except for good cause shown; such petition must set forth the grounds for the proposed intervention and the interest of the petitioner in the proceedings and should conform to the requirements of a formal complaint. Appearance may be entered without applying for or receiving leave to intervene in all general or special investigations commenced by the commission without complaint (which was not the situation here in these proceedings which were commenced by a petition or complaint).

On May 16, 1957, the commission filed its second report, findings of fact, and order, as follows:

"IT IS THEREFORE ORDERED, that the applicant railroad be and is hereby authorized to establish a rate of 75¢ per net ton, subject to Ex Parte 196 increases on sand and gravel for application from and to the points named in paragraph 1 hereof, and at the same time establish a rate of 75¢ per net ton, subject to Ex Parte 196 increases from St. Paul to Minnesota Transfer, Minneapolis and St. Louis Park, Minnesota, without the addition of switching charges from the shipper's location on the tracks of the Port Authority of the City of St. Paul."

After the filing of the second report, findings, and order, Shiely appealed therefrom to the District Court of Ramsey County, pursuant to M. S. A. 216.24. The pertinent part of that statute pertaining to appeals to the district court from orders of the commission provides:

"Any party to a proceeding before the commission, or any party affected by any order thereof, or the State of Minnesota, by the attorney general, may appeal therefrom to the district court of the county in which the complainants, or a majority of them, reside, * * *."

On June 12, 1957, the railroad moved said district court for a dismissal of Shiely's appeal on the ground that the latter was not a party to the proceeding before the commission or affected by the order and that therefore the district court had no jurisdiction to hear the appeal. Pursuant to a stipulation between the parties Shiely filed with the clerk of the district court certified copies of all of the proceedings before the commission in both hearings, to be referred to the judge before whom the motion for dismissal was to be heard. On October 1, 1957, the district court ordered a dismissal of Shiely's appeal on the grounds that it had neither been a party to the proceeding nor a party affected by the commission's order within the meaning of § 216.24, and that it was improperly and unlawfully before the court and that the court had no jurisdiction over the matter. This appeal is from that order.

The legal issues raised by Shiely on appeal are: (a) Whether it became a party to the proceeding entitling it to appeal to the district court from the commission's order, or (b) whether it became a party

affected by the commission's order.

(a) Shiely cites cases from this court covering the right to appeal to the district court from an order of the commission under § 216.24. It argues that in its earlier decisions this court made rather technical interpretations of the statute, as in Steenerson v. G. N. Ry. Co. 60 Minn. 461, 62 N. W. 826, and State v. Tri-State T. & T. Co. 146 Minn. 247, 178 N. W. 603. It claims, however, that in State and R. R. & W. H. Comm. v. Rock Island M. T. Co. 209 Minn. 105, 295 N. W. 519, and In re Acquisition of Flying Cloud Airport, 226 Minn. 272, 32 N. W. (2d) 560, we overruled our earlier decisions. The railroad argues to the contrary and claims that the first two decisions are controlling and that the last two expressly distinguished but did not overrule the earlier ones.

In State v. Tri-State T. & T. Co. *supra,* this court defined the phrase "party to a proceeding" in an appeal from an order of the commission under § 216.24. In that case proceedings were commenced by the commission on an order to show cause why certain telephone rates should not be reduced. The city of St. Paul received a notice of the hearing and appeared in behalf of itself and its citizens objecting to the maintenance of high rates. It appeared at the hearing and participated in the proceedings, including cross-examination of witnesses called by the telephone company. It appealed to the district court from an order of the commission which temporarily approved maintenance of the higher rate. The district court dismissed the appeal on the ground that the city was not a party to the proceeding before the commission. Upon appeal to this court we said that the term "parties" includes those who are directly interested in the subject matter and who have the right to control the proceeding, examine and cross-examine the witnesses, and appeal from order or judgment finally entered. We also said that one is not a party merely because he is interested in the results. We held in that case that the city was never made and never became a party; it had no right to control the proceedings; it was not bound by the order made by the commission; it could commence new proceedings by filing a complaint with the commission, and it could not be denied a hearing on the ground that the order entered in the proceeding in that case was

a bar. This court also said there (146 Minn. 251, 178 N. W. 605):

"* * * The interests of the city and its inhabitants were affected by the order, but that fact alone did not make it a party. If we were to hold that it did, any one interested in procuring a reduction of rates who was allowed to appear and take part in a proceeding to review them would have the right to appeal, and by appealing could gain control of the subsequent proceedings. As was pointed out in Steenerson v. Great Northern Ry. Co. 60 Minn. 461, 62 N. W. 826, this ought not to be allowed."

In the Rock Island case the matter came on for hearing before the commission on the application of the Rock Island for permit to operate motor vehicles on public highways in Minnesota, and notice of hearing was issued by the commission. All of the appellants, including the state, several motor transport companies, and a railroad brotherhood, appeared in response to the notice. No written objections to the granting of the permit were filed. The appearances, except that of the brotherhood, were formally entered on the record and the appellants were designated as "objectors." The hearing proceeded with all of the parties participating. The representative of the brotherhood was as active a participant in the proceedings as the attorneys representing parties who appeared formally. The record showed that the commission regarded and treated all of them as parties. This was without objection on the part of the respondent, Rock Island Motor Transit Company. The situation with regard to the parties was the same on the appeal from the commission to the district court. At the trial in that court formal appearances were made by all of the appellants except the brotherhood. The parties of record stipulated in open court to submit the matter on the record before the commission supplemented by such evidence as the parties might want to offer. In the trial court, as was the situation before the commission, there was a full participation in the proceedings by all of the appellants, except the brotherhood, without objection by the Rock Island. After the trial court made its decision, all of the appellants, including the brotherhood, moved for amended findings or a new trial. No objection was made to the appearance of the brotherhood in the proceedings and its appearance was recited in the order

denying the motion.

We said in that case that one who appears as an "actor" in litigation or proceedings in which he claims or asserts an interest in the subject matter is a "party" even though he failed to file a written pleading, as that may be waived where there is a voluntary trial of the issue which the pleading would have raised, citing McAlpine v. Kratka, 92 Minn. 411, 100 N. W. 233, and Henderson v. Henderson, 247 N. Y. 428, 160 N. E. 775. Under the circumstances in the Rock Island case we held that appellants were parties in law as well as in fact. The court also pointed out there that State v. Tri-State T. & T. Co. *supra,* and Steenerson v. G. N. Ry. Co. *supra,* were not in point (209 Minn. 112, 295 N. W. 524) "for the reason that in each of those cases there was no appearance or litigation by consent and the presence of the party claiming the right to appear was objected to at the first opportunity below."

Referring to the Steenerson and Tri-State cases, we said in In re Acquisition of Flying Cloud Airport, *supra,* that those decisions were not merely distinguished but actually overruled in part in that a broader definition of the phrase "party to a proceeding" was adopted. It is apparent that all the court intended in the Flying Cloud Airport case, involving certiorari in the vacating of an order of the Minneapolis-St. Paul Metropolitan Airports Commission for the acquisition of an airport, was to say that a broader definition of "party to a proceeding" was adopted than that contained in the Tri-State or Steenerson cases. The court then submitted the correct rule in the Flying Cloud Airport case as follows (226 Minn. 278, 32 N. W. [2d] 564):

"An actor who participates, with or without formal pleading or intervention, as an active contestant on the merits for the determination of issues of law or fact, and who by the outcome of the proceeding will be bound and affected either favorably or adversely, with respect to an asserted interest peculiar to him as distinguished from an interest common to the public or other taxpayers in general, is a party to the proceeding."

That opinion further explained that there is a distinction between participating in the proceedings simply to assist in clarifying the issues and

in participating in them on the merits as a party asserting a peculiar interest likely to be affected by the outcome.

Applying that rule in the Flying Cloud Airport case we held that relator never became a party to and was not bound by the proceedings. Relator in that case was not the owner of the airport and did not have any interest in the surrounding property. The fact that it had an indirect interest as an active participant in aviation was considered of no significance by this court. Likewise it appeared obvious to the court that relator acquired no standing as a party to the proceeding by merely appearing at the hearing by an attorney to offer advice and suggestions. We held there that any order of the Minneapolis-St. Paul Metropolitan Airports Commission in regard to the Flying Cloud Airport could have no different effect upon the relator than it would have on any other taxpayer, and the fact that relator was a taxpayer was not alone sufficient to give it a right by certiorari to review the commission's proceeding involving the exercise of a legislative or administrative function without a showing that relator possessed an interest not common to all taxpayers. We concluded that it had no such interest in the subject matter as would make its participation as a party to the proceeding either necessary or proper.

It is our opinion that under the facts and circumstances here Shiely was not a party to the particular proceeding involved herein as intended by § 216.24. It was never made or became a party to the proceeding. Its petition to intervene, opposed by the railroad, was denied by the commission. No appeal from that denial was taken. It had no right to control the proceeding, it was not bound by the commission's order, and it can commence a new proceeding by filing a complaint with the commission.

(b) Shiely takes the position that in addition to being a party to the proceeding it is also a party affected by the order of May 16, 1957, which we shall now consider.

On April 9, 1957, more than a month before the May 16 order, the commission denied Shiely's petition to intervene and no appeal was taken from that order. That denial was without prejudice to Shiely to file a separate complaint as to the unreasonableness of the present rate

or rates. No such complaint has been filed according to the record before us. It is obvious from the record that the commission did not consider Shiely a party affected by its May 16 order.

In Steenerson v. G. N. Ry. Co. 60 Minn. 461, 62 N. W. 826, this court considered the matter of who was affected by an order fixing rates and charges by the commission. In that case a shipper of grain filed a complaint with the commission in behalf of himself and others similarly situated, alleging that the rate charged by the Great Northern to terminal points was unreasonable and should be reduced. The Northern Pacific Railroad Company filed its petition asking leave to intervene and be heard on the merits of the case. That petition was denied. The commission made an order fixing a schedule of rates. Upon appeal by both railroads to the district court the Northern Pacific filed another petition to intervene, which was granted. This court reversed on the ground the Northern Pacific was not a party affected by the commission's order within the meaning of the statute. The court said there that it would require a very clear expression of the legislative intent to hold that a statute granted the right to appeal in those cases to any road or carrier which had not theretofore been a party to the proceeding but which might in a business way be affected by an order fixing rates and charges. It concluded (60 Minn. 473, 62 N. W. 830):

"* * * The roads or carriers affected by an order of the commission are those upon whom it has a direct legal operation and effect, not those who may gain or lose only in a business way."

This court considered another statute, § 106.631, somewhat similar to the one involved here, in In re County Ditch No. 15, Chippewa County, 238 Minn. 15, 55 N. W. (2d) 305. That section permitted an appeal to the district court by "any party aggrieved" by a final order or judgment. We held in that case that landowners who were not parties to the proceeding for an improvement of a drainage ditch and were not subject to an assessment for benefit or entitled to damages were not aggrieved parties within the meaning of § 106.631 so as to entitle them to appeal to the district court from an order of the board of county commissioners granting a petition for such improvement or to appeal to this court from an order of the district court dismissing such an

appeal. The court further said there that ordinarily only parties to the record or their privies may appeal, quoting from State v. Tri-State T. & T. Co. 146 Minn. 247, 178 N. W. 603.

It is our opinion that Shiely was not directly affected or bound by the commission's order of May 16, 1957, in these proceedings. It is apparent from the record that its objection is not so much to the 75¢ rate as established in the order but that it is interested in obtaining a proportionately low rate of 52¢ from St. Paul so as to enable it to establish new yards in St. Louis Park and Minneapolis, where it is not now doing business. We are not passing on the merit of Shiely's position in that respect but it appears to us that it is not such a party affected by the commission's order at this time as to bring it within the statute either as a party to the proceeding or a party affected.

We therefore hold that the order of the district court dismissing the appeal is justified by the record and should be affirmed.

Affirmed.

MURPHY, JUSTICE (dissenting).

I am unable to agree with the majority and respectfully dissent.