■ HARRY SCHREIBER et al., Plaintiffs, v REPUBLIC INTERMODAL CORPORATION, Respondent, et al., Defendant, and CONTINENTAL INSURANCE COMPANY, Appellant.—In an action, *inter alia,* for the rescission of an agreement

for the sale of certain stock and for a permanent injunction, in which plaintiffs procured a temporary stay and then an order preliminarily enjoining defendant-respondent Republic Intermodal Corporation from collecting $254,000 in promissory notes, due September 29, 1974, on condition that plaintiffs file a valid and sufficient undertaking in the amount of $254,000, and in which the preliminary injunction was vacated after trial, the Continental Insurance Company appeals from a judgment of the Supreme Court, Nassau County, entered August 12, 1976, which, after a nonjury trial, upon respondent's motion made pursuant to CPLR 6315 to ascertain the damages incurred by it by virtue of the temporary restraining order and vacated preliminary injunction, *inter alia,* adjudicated (1) that the bond given by appellant is a valid and subsisting bond given with respect to the preliminary injunction and (2) that appellant is bound to pay respondent $254,000 under the terms and conditions of that bond. Judgment affirmed, with costs. We are in accord with the views and rulings expressed by the Trial Judge at the hearing held at Special Term on respondent's motion pursuant to CPLR 6315. We find that in its opposition motion papers and argument at the hearing appellant clearly submitted the question of its liability on the bond to the motion court. Accordingly appellant subjected itself to judgment even though not a party to this suit (see *Henderson v Henderson,* 247 NY 428, 433–434). Further, we find that the bond was a payment bond and we specially note the absence of the word "damage" from its text. In any case, the nonpayment of the $254,000 in notes was uncontroverted. Further, we find that the bond was designed for and was in fact posted in support of and in connection with plaintiffs' application for a preliminary injunction, as well as the continuance of the temporary stay. If, however, as contended by appellant, the bond's coverage ended with the grant of the preliminary injunction, we note that the subject bond was the only bond posted. Accordingly, on the reasoning of appellant, it would necessarily follow that: (1) Special Term's condition for the granting of the preliminary injunction was never met; (2) the preliminary injunction never became effective; and (3) therefore, the bond remained in effect as the motion for the preliminary injunction must be deemed to have been denied upon the failure of the condition. Finally, under the circumstances of this case, we find no merit to appellant's contention that since respondent consented to the grant of the preliminary injunction, it could not later claim damages based upon the grant. We note that the consent was based on a *payment* bond being posted and an immediate trial being had. Under the circumstances, it was expeditious to have the right to an injunction tried fully by a trial court rather than determined on a mere motion. Hopkins, Acting P. J., Margett, Damiani and Rabin, JJ., concur.