Sept. 1840.

SMITH *vs.*
THE AMERICAN LIFE INSURANCE AND TRUST CO.

An injunction will not be issued to stay proceedings under a bill or decree of this court, whether the application is made by parties, privies, or a stranger to the original suit.

The proper mode is to apply by petition in the original suit, for such an order as the case of the applicant will entitle him to.

*E. Mullet,* for complainant.

*L. Babcock,* for defendants.

THE VICE CHANCELLOR. Upon presenting the bill in this case, an order was made for the defendants to shew cause why an injunction should not issue pursuant to the prayer thereof. The parties appear and show cause. The bill states, substantially, that the complainant loaned of the defendants the sum of $65,000, at an usurious rate of interest. The securities for this loan were,

1. A mortgage by the complainant to the defendants, for the sum of $40,000.

2. A like mortgage for the sum of $50,000.

3. A mortgage executed by the complainant to Henry J. Graman, for the sum of $6,000, and assigned to the defendants for the benefit of the complainant.

4. Several mortgages executed to the complainant by divers individuals, and by the complainant assigned to the defendants as collateral security for the payment of the said loan of $65,000.

It appears farther, that the mortgages executed by the complainant to the defendants, are in a train

Sept. 1840.

Smith
v.
The American Life Insurance and Trust Co.

of foreclosure in this court ; and that the complainant has put in his answer thereto, setting up substantially the same facts by way of defence, as constitute the gravamen of his bill in this cause. It appears, also, that suits have been instituted in this court before the Vice Chancellor of the eighth circuit, and before the Chancellor, for the foreclosure of the assigned mortgages against the mortgagors therein, and in which the complainant in this cause is not made a party defendant. Some of those suits are defended. Some have matured so far that decrees of sale have been made therein, and the mortgaged premises have been advertised for sale. The bill prays for an injunction to restrain the defendants from collecting the said debt of $65,000, and from proceeding farther in the collection or foreclosure of any bond and mortgage or other security held by the defendants as security for the said debt.

The great difficulty in allowing an injunction in this case as prayed for, arises from the fact that proceedings have been had in Chancery for the foreclosure of the securities mentioned in the bill. It is admitted by the complainant, that an injunction should not go to restrain the defendants from proceedings in this court, upon the mortgages executed by the complainant personally. He can avail himself of his legal or equitable rights by a defence to such suits, which it appears he has put in.

But it is insisted that as to those suits upon the collaterals in which the complainant is not made a party defendant, an injunction can properly go to restrain the defendants from farther proceedings therein, even though such suits are pending in this court. As a general rule, an injunction is not the proper

mode of obtaining a stay of proceedings under a bill or decree in this court, whether the application is made by parties or privies, or by a stranger who has filed a new bill. (1 Hoffman's Practice, page 89.) There is reason in this rule. If a contrary rule should be adopted, it would be difficult in some cases to foresee any termination to litigation. This rule will not work any injury either. A party, privy, or even a stranger to the pending suit, is not without redress. He may apply by petition in the original cause, for such an order as the case made by his petition will entitle him to. This rule must be applied to this case, and the prayer for an injunction must be denied, with costs to be taxed.