WALTER MANN, Assignee, *vs.* MARK D. FLOWER and others.

### April 17, 1880.

**Injunction to Restrain Equity Suit in Same Court.**—An injunction may issue in one equitable action to restrain proceedings in another equitable action in the same court.

**Rights of Stranger to Suit.**—A stranger to an action cannot make any motion or application in it except to be admitted as a party.

**Same—To Retain in Court a Fund which is the Subject of Litigation.**—Where, in an equitable action, the matter in litigation is a fund which has been brought into court to abide the event, the right of a stranger to the action, who claims the fund, to intervene in that action, is not such an adequate remedy as will prevent him bringing a new action against the parties to the first and others, and having an injunction to restrain the withdrawal of the fund from the court until the determination of the new action, if the right to the fund has been assigned by a party to the first action to such others. An injunction in such case, restraining all proceedings in the first action, is too broad. It should restrain only the withdrawal of the fund from the court.

Appeal by defendants from an order of the district court for Ramsey county, *Simons, J.,* presiding, refusing to dissolve an injunction.

*E. C. Palmer,* for appellants

*Geo. L. & Chas. E. Otis* and *Williams & Davidson,* for respondent.

GILFILLAN, C. J.  The position of the case seems to be this: Taylor, the owner of a stock of goods, executed a mortgage upon them to Flower, and afterwards executed to Cornish an assignment for the benefit of his creditors, covering the mortgaged stock. Cornish took possession of the stock, and the

situation became such that in order to get possession of the property covered by his mortgage, Flower brought in the district court, Ramsey county, an equitable action against Cornish, asking that such property be delivered to him. In that action the court caused the property to be sold, and the proceeds to be brought into court to abide the event of the action, and, under the order of the court, they were deposited in bank to remain until further order. The action was tried, and a decision made entitling Flower to judgment for delivery of the proceeds to him. The judgment has not been entered.

In the meantime, this plaintiff, having been appointed assignee in bankruptcy of Taylor, brought this action, in the same court as the other action, against Flower and Cornish, the parties to the first action, and other parties, claiming that the fund so in court belongs to him as such assignee, and demanding that the same be adjudged and paid over to him; and the proceedings in the first action having reached a stage where Flower had a right to have his costs taxed and judgment entered, this plaintiff procured in this action, without notice, an injunction restraining the parties in the first action from any further proceeding in that action; from entering judgment, or executing the same, until the further order of the court. From an order denying an application by Flower to vacate the injunction, this appeal is brought.

That this action is a proper one to enforce plaintiff's claim, if any he has, to the fund, and that the allegations in his complaint, if true, show him entitled to the fund, was decided by this court upon the appeal from the order sustaining the demurrer to the complaint. See *Mann* v. *Flower*, 25 Minn. 500. The parties to the first action having procured the property to which this plaintiff upon his complaint was entitled, to be converted into money, and the money to be brought into court, so that no action or proceeding at law on the part of the plaintiff could reach it, he might, as held in that decision, proceed in equity for that purpose; and noth-

ing can be clearer than that his right to commence an equitable action for that purpose involves the right to prevent the parties placing the fund beyond the reach of the court, so as to render its decree ineffectual.

The fact that the defendants are solvent, and able to respond in damages in case they take the fund and convert it, is immaterial. A court of equity, having become possessed of a cause, will enforce its decree, and not leave the enforcement of it to a subsequent action at law. A decree in this case adjudging plaintiff to be entitled to the fund, and authorizing him to withdraw it, would not have full effect if the fund were already taken out.

The purpose of a temporary injunction being to maintain the matter in controversy in its present condition until a decree, so that the effect of the decree shall not be impaired by acts of the parties during the litigation, this is a proper case for such an injunction, if a court will in one equitable action restrain proceedings in another, and if without it plaintiff would have no remedy.

The general rule as to injunctions is thus stated in 3 Daniell's Ch. Prac. 1725: "Injunctions may be obtained to stay proceedings in other courts of justice, whether such courts are courts of law or equity, or spiritual courts, or courts of admiralty, or courts in a foreign country." This statement restricts the rule to staying proceedings in other courts. The power in one equitable action to restrain proceedings in another equitable action in the same court is affirmed in *Erie Railway Co.* v. *Ramsey*, 45 N. Y. 637. That case decides only on the power and jurisdiction to enjoin, but does not determine when it is proper to exercise it. The same thing was decided in *Prudential Assurance Co.* v. *Thomas*, L. R. 3 Ch. App. 74, in which it was held that a bill of interpleader was a proper case in which to enjoin proceedings in another equitable suit in the same court. And inasmuch as the injunction operates only upon the parties to the action, and not upon the court in which it is pending, we can see no difference, so

far as the power to restrain is concerned, between an action in the same and one in another court. In either case the power or jurisdiction exists. That it ought to be rarely used is true; but there may be cases where its use is necessary to adequately protect the rights of parties. It has been held in many cases that the court ought not, in one action, to restrain proceedings in another equitable action, to which the party applying for the injunction was a party. These cases have gone on the ground that an adequate remedy was open to the party in the original action. When such is the case, there can be no necessity for the injunction, and of course it ought not to issue.

This action, however, is brought by a stranger to the action in which the proceedings are sought to be enjoined. The reason which would generally prevent a party to the original action prosecuting this, and in it restraining the proceedings in the former, does not exist. It was decided, indeed, in *Smith* v. *American Life Ins. Co.*, 1 Clarke Ch. 307, in a case where the plaintiff seeking the injunction was a stranger to the original suit, that, "as a general rule, an injunction is not the proper mode of obtaining a stay of proceedings under a bill or decree in this court, whether the application is made by parties or privies, or by a stranger who has filed a new bill." The rule was repeated in *Lane* v. *Clark*, Id. 309, where a party to the original suit had filed a new bill. And it is approved in *Platto* v. *Deuster*, 22 Wis. 482; the decision in which was followed in *Endter* v. *Lennon*, 46 Wis. 299. In each of the Wisconsin cases the action was brought to enjoin the sheriff from executing process in his hands to execute, issuing in the first case from another court of co-ordinate jurisdiction with that in which the action was brought, and in the second case from the same court. The reason given in 1 Clarke, 307, for the rule laid down is that the stranger "may apply by petition in the original cause, for such an order as the case made by his petition will entitle him to." *Platto* v. *Deuster* states this to be the proper practice in Wis-

consin. Where the object is to control the officers of a court in the execution of its process or in the performance of any other of their duties as such officers, it is undoubtedly true that the application must be made to that court, and that it may properly be made by petition. But it would not be strictly a petition in the action, if presented by a stranger.

In this state there is no such practice as permitting a stranger to an action to take any part, or make any application or motion in it, except an application for leave to become a party, and have his rights in the matter involved adjudicated. Nor can he become a party, not for the purpose of joining in the litigation, but of arresting it. There is no way in which a stranger to an action may stop the progress of it, but through an adverse action. The power to stay, by temporary injunction, the proceedings in another action, should be rarely exercised; never, where an adequate remedy, without interfering with the prosecution of such action, is open to the party. If there is a clear remedy by intervention, under the statute, then there is no such necessity for the temporary injunction as will justify its issuance.

In this case the plaintiff might have intervened in the action of Flower against Cornish, and had his right to the property adjudicated as against those parties, and any one claiming from either of them by transfer subsequent to the intervention. As, however, he would not have intervened to maintain on either side the litigation already pending, but to bring in a new litigation upon an independent claim of title, purchasers from the original parties, prior to the intervention, would not have been bound by the result of it any more than they would by the result of an action commenced after their purchase. The affidavits show that, after the commencement of the action between Flower and Cornish, and before the commencement of this action, the former assigned his interest in the fund to the defendants herein other than himself and Cornish. Had this plaintiff, instead of commencing this action, then intervened in the action pending,

the result of the intervention would not have bound the assignees, and he could not have brought them into the original suit. He had not, therefore, a complete remedy by intervention. He could have a complete remedy only through the action he has commenced.

The plaintiff, however, can have an injunction to stay proceedings in the former action only so far as such stay may be necessary to preserve the rights put in issue by him in this action. The parties to the first action have the right to prosecute it so far as it will not tend to render useless any judgment which may be rendered in this. The entry of judgment upon the decision in that action will not have such effect. The withdrawal of the fund from the court is the only act which could prejudice this plaintiff. The injunction issued is too broad.

The order appealed from is reversed, and the court below directed to so modify the injunction as to restrain the several parties herein from withdrawing, or attempting to withdraw, from the court the fund in controversy, but to allow judgment to be entered in the first action.