PUBLIC UTILITIES COMMISSION *vs.* PROVIDENCE GAS COMPANY.

OCTOBER 17, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Stearns, JJ.

*(1)  Public Utilities Commission.  Appeal.  Jurisdiction.*

Where on a proceeding instituted by the Public Utilities Commission, on its own motion, without complaint, to investigate the reasonableness of charges fixed by a public utility, certain municipal corporations, under the rules of the Commission, intervened and acted as parties adversary to the respondent public utility, such intervening parties have the rights of complainants under the provisions of Pub. Laws, R. I., cap. 795, approved April 17, 1912, including the right to appeal from the final order made by the Commission.

APPEAL from order of Public Utilities Commission. Heard on motion of respondent to dismiss for want of jurisdiction and motion denied.

SWEETLAND, J. The above entitled proceedings are respectively the appeal of the city of Providence and the appeal of the town of North Providence from a certain order of the Public Utilities Commission fixing the rates and charges of the Providence Gas Company, a corporation, for gas sold by it in the city of Providence, the town of North Providence and certain other municipalities of the State.

Said proceedings are before us at this time upon the motion of the Providence Gas Company that each of said appeals be dismissed on the ground that this court is without jurisdiction therein for the reason that said city and town are not entitled by law to appeal from said order.

Chapter 795 of the Public Laws, approved April 17, 1912, is an act creating the Public Utilities Commission, prescribing its powers and duties, and providing for the regulation and control of public utilities. All the questions involved in the matter now before us are governed by the provisions of said act.

It appears from the record that on July 12, 1918, the Providence Gas Company filed with the Public Utilities Commission schedules of its rates and charges for gas to be sold by it in said city and town, which rates were to become effective on September 1, 1918. Under the authority conferred by said act, after notice to said Gas Company and to such other interested persons as the commission deemed necessary including the city of Providence and town of North Providence, said commission proceeded upon its own motion to investigate the reasonableness of said schedules of rates. The commission found the rates contained in the schedules filed by the Gas Company to be unreasonable; and by its order the commission substituted therefor rates and charges which in its judgment were just. The city of Providence and the town of North Providence, being dissatisfied with the rates and charges thus fixed in the order of the commission, have sought to appeal to this court. Section 34 of said act regulating appeals from the orders of the commission, among other things, provides that "Any public utility or any complainant, aggrieved by any order of the commission fixing any rate, toll, charge, joint rate or rates . . . may appeal to the supreme court for a reversal of such order." The act does not by its terms give the right of appeal from an order of the commission to any other person. The point of the motion of the Gas Company now under consideration is that neither the city of Providence

nor the town of North Providence can properly be denominated a complainant in said proceeding before the commission; and hence under the act neither has the right to appeal from said order.

Sections 18, 19, 20 and 21 of said act, among other things, provide that any municipal or other corporation or any group of persons designated in said sections may make written complaint to said commission against any public utility alleging that the rates and charges of said public utility are unreasonable. After notice and hearing on said complaint the commission shall make its determination and order. Under the provisions of said four sections the public utility, whose acts are under consideration, is the respondent, and the municipal or other corporation or the group of persons who institute the proceeding is clearly the complainant. It is the contention of the Gas Company that the right of appeal given to a complainant by Section 34 is restricted to a moving party in proceedings instituted under the four sections referred to, viz., Sections 18, 19, 20 and 21.

Sections 26, 27 and 28 of said act, among other things, provide that without complaint said commission may on its own motion investigate the reasonableness of rates and charges fixed by a public utility. Notice of the hearing and investigation shall be given to said public utility and to such other interested persons as the commission shall deem necessary and thereafter the proceedings shall be had and conducted in reference to the matter investigated in like manner as though complaint had been filed with the commission relative to the matter investigated; and the same order or orders may be made in reference thereto as if such hearing and investigation had been made on complaint. This was the procedure followed in the matter now under consideration. The commission undertook to make an investigation on its own motion. Notices of the hearing and investigation were given to the Providence Gas Company as respondent and to such other persons as the commission deemed necessary including the city of Providence

and the town of North Providence; and thereafter, under the provisions of the act, the proceeding was to be conducted as though it was a complaint filed with the commission.

Section 17 of said act provides as follows: "Sec. 17. All hearings, investigations and inquiries before the commission shall be governed by rules to be adopted and prescribed by the commission, and in such hearings and investigations and inquiries, the commission shall not be bound by the technical rules of evidence." Acting under the authority conferred in Section 17 the commission adopted rule sof practice and procedure, Rule III of which, is in part as follows: "Parties or utilities not parties, may petition in any proceeding for leave to intervene and be heard therein. Such petition shall set forth the petitioner's interest in the proceeding. The leave granted on such application shall entitle the intervener to appear and be treated as a party to the proceeding,".

At the opening of the hearing and investigation now under consideration, the chairman of the commission made the following statement: "I suggest that at this time the various cities and towns will enter their appearances officially with the stenographer and of course such cities and towns as do enter their appearance will be given permission to intervene as parties to these proceedings." Thereupon the city of Providence and the town of North Providence each entered its appearance and throughout the hearing acted as parties adversary to the respondent Gas Company. The solicitor for the city of Providence cross-examined at length the witnesses presented by the respondent and introduced evidence in opposition to the claim of the respondent. At the close of the hearing the solicitor for the city of Providence and the solicitor for the town of North Providence each argued against the approval by the commission of the schedules of rates and charges filed by the respondent. The position assumed at the hearing by said city and town respectively was identical with that of a party instituting a complaint against the respondent Gas Company attacking

the justice of its rates and charges. In the circumstances of the matter we are of the opinion that when said city and town were permitted to intervene as parties in the proceeding, which under the statute was being conducted as though it was a complaint filed with the commission, they intervened as parties complainant with the rights of complainants including the right to appeal from the final order afterwards made by the commission.

The motion of the respondent Gas Company in each of the above entitled proceedings is denied.

*Elmer S. Chace, City Solicitor, Henry C. Cram, Charles P. Sisson, Assistant City Solicitors,* for complainants.

*Swan & Keeney,* for respondents.