## STATE v. TRI-STATE TELEPHONE & TELEGRAPH COMPANY.

### CITY OF ST. PAUL, APPELLANT.[1]

July 2, 1920.

No. 21,826.

**Right of appeal is statutory.**

1. The right of appeal is purely statutory and may be given or withheld by the legislature at its discretion. If given, it may be upon such conditions as the legislature deems proper.

**Appeal from order of Railroad and Warehouse Commission.**

2. Under section 22, c. 152, Laws 1915, giving the right of appeal from an order of the Railroad and Warehouse Commission to a party to the proceeding in which the order is made and to the attorney general, the term "party" is used in the same sense as "party to an action."

[1]Reported in 178 N. W. 603.

**Telegraph and telephone — city of St. Paul not a party to proceeding.**

3. The Railroad and Warehouse Commission, by inviting a city in which a telephone company maintained an exchange to attend a hearing in a proceeding begun by the commission to determine the reasonableness of telephone rates, did not make such city a party to the proceeding by permitting it to file objections to the rates in effect and to participate in the proceedings had before the commission.

The Railroad and Warehouse Commission upon its own motion made an order requiring the Tri-State Telephone & Telegraph Company to show cause why the commission should not modify its rates, tolls, charges and regulations. The telephone company alleged that its rates, tolls, and charges did not produce an adequate return upon the fair value of its property and that to reduce its revenues would make it impossible for it to maintain its property in condition to furnish satisfactory service and would amount to taking its property without compensation contrary to the provisions of the Federal Constitution. The city of St. Paul on its own behalf and on behalf of its citizens objected to the continued maintenance of the so-called Federal rates. At the conclusion of the hearing the rates ordered by the postmaster general were approved as temporary rates subject to change by the commission. From this order, the city of St. Paul appealed to the district court for Ramsey county. The appeal was heard by Michael, J., who granted defendant's motion to dismiss the appeal, on the ground that the city was not a party to the proceeding before the commission. From the order dismissing the appeal, the city of St. Paul appealed. Affirmed.

*O. H. O'Neill,* for appellant.

*C. B. Randall* and *F. C. Stevens,* for respondent.

LEES, C.

While the telephone properties of the country were under Federal control and in accordance with orders of the postmaster general, the Tri-State Telephone & Telegraph Company placed in effect certain rates for telephone service in this state and was maintaining them when such control ceased. Such rates were in excess of those theretofore approved by the Railroad and Warehouse Commission.

In view of these facts the commission, on its own motion, made an order requiring the company to show cause why its rates should not be modified. It directed that service be made upon the company by mailing a copy of the order to it at its office and that copies be also mailed to every city and village where it maintained an exchange. On the return day of the order, the city of St. Paul appeared, and in its own behalf and in behalf of its citizens objected to the continued maintenance of the so-called Federal rates in St. Paul, and demanded that the old rates be reinstated. It took part in the proceedings at the hearing and its counsel cross-examined the witnesses called by the company. At the conclusion of the hearing an order was entered approving of the Federal rates as temporary rates, subject to change by the commission as operating conditions might warrant. The order recites that the proceeding in which it was made was supplemental to a general investigation then being conducted by the commission to determine reasonable rates for telephone service throughout the state, and that it deals only with the advisability of continuing the rates then in effect pending such investigation.

The city appealed from the order to the district court of Ramsey county. Upon the motion of the company, the court dismissed the appeal on the ground that the city could not take it because it was not a party to the proceeding before the commission. The city appeals from the order of dismissal.

By chapter 152, p. 208, Laws 1915, telephone companies were placed under the jurisdiction of the commission. The act provided that their rates should be subject to regulation by the commission and that the statutes relating to its control of railroad and express companies should also apply to telephone companies, except as otherwise provided in the act. Whenever their rates were found to be unreasonable, the commission, on its own motion or upon complaint made to it, was authorized to prescribe reasonable rates to take the place of those found unreasonable. By section 22, it was provided that any party to the proceeding before the commission, or the attorney general, might appeal from the order made by the commission. The city contends that it was a party to the proceeding and had a right to appeal. It is conceded that it might

have filed a complaint with the commission, charging the telephone company with exacting unreasonable rates for service. Section 4185, G. S. 1913. It is also conceded that it did not come into the present proceeding until after it was begun by the commission on its own motion. But it is contended that the commission might have entered a formal order joining the city as a party, and permitting it to file a complaint as an intervener, and that practically this was what was done.

At the threshold of the case we are met with a question not discussed in the briefs or argument. It is this: Does an appeal lie from an order of the commission which does not purport to be final? The order in question is temporary and is to stand only during the pendency of the investigations conducted by the commission to determine what are reasonable rates. Generally speaking orders of that nature are not appealable, unless the statute so provides, and statutes authorizing appeals from orders which are not final are strictly construed. 1 Dunnell, Minn. Dig. § 285. Where certiorari is resorted to, intermediate orders can only be reviewed by suing out the writ after the final determination of the proceeding. 1 Dunnell, Minn. Dig. § 1396. It is doubtful whether this order is appealable, but beyond indicating our doubt we do not go, placing our decision upon the answer to be made to the question of whether or not the city was a party to the proceeding.

The right of appeal is purely statutory. The legislature may give or withhold it at its discretion. If it gives the right, it may do so upon such conditions as it deems proper. J. T. McMillan Co. v. State Board of Health, 110 Minn. 145, 124 N. W. 828; Williams v. Minn. State Board of M. E. 120 Minn. 313, 139 N. W. 500. A telephone user, who believes that the rates approved by the commission are higher than they should be, cannot appeal, unless he was a party to the proceeding in which the rates were sanctioned. If not such a party, his sole remedy is to procure an appeal to be taken by the attorney general. A telephone user will rarely if ever initiate a proceeding to bring about a reduction in rates. To procure the evidence and marshal and present facts is a laborious and expensive undertaking. The legislature has, therefore, wisely provided that the commission may begin and conduct the proceeding on its own motion. It is to be presumed that it will do so when-

ever the public interests require or justify an investigation and readjustment of rates.

The statute relating to procedure is plain. We are under no necessity of searching for the intention of the legislature. It has used the term "party to a proceeding" in the same sense as "party to an action." A stranger to an action cannot take any part in it except to intervene or apply for leave to become a party. Mann v. Flower, 26 Minn. 479, 5 N. W. 365; Hunt v. O'Leary, 78 Minn. 281, 80 N. W. 1120. He is not a party merely because he is directly interested in the result. Stewart v. Duncan, 40 Minn. 410, 42 N. W. 89, or has an independent claim he seeks to assert without being named as a party. Davis v. Swedish Am. Nat. Bank, 78 Minn. 408, 80 N. W. 953, 81 N. W. 210, 79 Am. St. 400. The term "parties" includes those who are directly interested in the subject matter and who have the right to control the proceedings, examine and cross-examine the witnesses and appeal from the order or judgment finally entered. Robbins v. Chicago City, 4 Wall. 657, 18 L. ed. 427; Green v. Bogue, 158 U. S. 478, 503, 15 Sup. Ct. 975, 39 L. ed. 1061; Burrell v. U. S. 147 Fed. 44, 77 C. C. A. 308. The phrase "a party to the proceeding" is to be construed in its ordinary legal meaning, and embraces only such persons as are parties in a legal sense and who have been made or become such in some mode prescribed or recognized by law, so that they are bound by the proceeding. Robinson v. Board of Commrs. 37 Ind. 333. In none of these senses was the city a party to the proceeding now under consideration. It was never made and never became a party, it has no right to control the proceeding, and it is not bound by the order made by the commission, but may commence a new proceeding by filing a complaint with the commission and cannot be denied a hearing on the ground that the order entered in this proceeding is a bar.

The city was not served as a party to the order to show cause. The order was mailed to it for the purpose of inviting its co-operation and aid in ascertaining the facts. The commission was in search of information as a basis for action. The interests of the city and its inhabitants were affected by the order, but that fact alone did not make it a party. If we were to hold that it did, any one interested in procuring a reduction of

rates who was allowed to appear and take part in a proceeding to review them would have the right to appeal, and by appealing could gain control of the subsequent proceedings. As was pointed out in Steenerson v. Great Northern Ry. Co. 60 Minn. 461, 62 N. W. 826, this ought not to be allowed. Any such practice would make it possible to crowd out the original parties. Orderly procedure requires that the control of the proceeding be left with the moving party or with the attorney general as the representative of the public interests.

Public Utilities Commission v. Providence Gas Co. (R. I.) 104 Atl. 609, and Merchants & Mnfrs. Assn. v. U. S. (D. S.) 231 Fed. 292, are relied on by the city, but are not in point. In the former case, under a rule adopted by the commission, the city was permitted to intervene and was held to have a right to appeal. In the latter, the proceeding was begun upon the complaint of an association which was held to have a sufficient interest, as the party complainant, to prosecute an appeal.

The learned trial court ruled correctly in dismissing the appeal and its order is affirmed.