238 Minn. 15 (1952)
IN RE PETITION FOR COUNTY DITCH NO. 15, CHIPPEWA COUNTY.
A.C. SCHOENFELDER AND OTHERS
v.
L.G. BECKMAN AND OTHERS.[1]
No. 35,896.
Supreme Court of Minnesota.
October 10, 1952.
*16 L.J. Lauerman, L.D. Barnard, and Paul Stratton, for appellants.
Frank J. Murray, for respondents.
KNUTSON, JUSTICE.
This is a petition to dismiss two appeals in a ditch proceeding.
The facts pertinent to a decision of the petition now before us are as follows: In September 1947, a petition for the improvement of county ditch No. 15 in Chippewa county was filed with the board of county commissioners. After a hearing, the county board, on September 13, 1951, ordered the improvement. On October 18, 1951, notices of appeal to the district court were filed by two groups of individuals as aggrieved parties under the provisions of M.S.A. 106.631, subd. 4. The first group consisted of Herbert Pieper, Joest Asche, Jr., and George F. Pieper, all of whom were landowners subject to an assessment for the improvement, and their appeals are now pending for trial in district court. The other group consisted of L.G. Beckman, W.A. Hess, George W. Beckman, E.P. Gerde, Emil Tammen, Alvan M. Wareham, R.C. Pederson, W.H. Kramer, Herbert Pieper, and Martin Hagen, none of whom are parties to the proceeding or subject to assessment for the proposed improvement, with the exception of Herbert Pieper, who is a member of both groups and whose appeal in the first group, which is pending for trial, raises the same issues as the appeal of the second group mentioned. We are concerned here only with the appeal of the latter group, which will be referred to herein for convenience as the Beckman appeal.
At the call of the calendar of the district court on December 17, 1951, counsel for Beckman and the others joining in his appeal appeared specially and objected to proceeding with the trial of the cases on the ground that the county board had lost jurisdiction and was not authorized to grant the petition for the improvement, and on other grounds not here material. At the same time, petitioners *17 for the improvement moved the court to dismiss the Beckman appeal. The court overruled the objection of appellants Beckman, et al, and denied the motion of petitioners to dismiss the Beckman appeal by an order dated April 3, 1952. Thereafter, petitioners moved the court to reconsider their motion to dismiss. Service was made on the attorneys for appellants Beckman, et al. The motion came on for hearing on May 31, 1952. Appellants Beckman, et al., made no appearance. On June 14, 1952, the court made its order amending its former order of April 3 and dismissing the Beckman appeal. Appeals to this court have been taken from the order overruling appellants' objection to the jurisdiction of the county board and from the order dismissing the appeal of Beckman, et al. Respondents, who are petitioners for the ditch improvement, now move to dismiss the appeals here on the ground that the two orders involved are not appealable and on other grounds.
The right of appeal to this court in drainage proceedings is governed by M.S.A. 106.631, subd. 5, which reads as follows:
"Any party aggrieved by a final order or judgment rendered on appeal to the district court, or by the order made in any judicial ditch proceeding dismissing the petition therefor or establishing or refusing to establish any judicial ditch, may appeal therefrom to the supreme court in the manner provided in civil actions. Such appeal shall be made and perfected within 30 days after the filing of the order or entry of judgment. The notice of appeal shall be served on the clerk of the district court and need not be served on any other person."
Clearly, the order of April 3, overruling the objection of appellants to the jurisdiction of the county board, is not a final order or judgment and is therefore not appealable. All this order did was to leave the appeal on for trial. The appeal here from such order should be and is hereby dismissed.
The appeal from the order of June 14, dismissing the Beckman appeal, presents a more difficult question. It is the contention of these appellants that county ditch No. 15 empties into county ditch No. 11, both of which were established many years ago. Authority *18 was procured at the time of the establishment of county ditch No. 15 to use county ditch No. 11 as the outlet for the waters drained through county ditch No. 15. It is contended that the improvement now sought will enlarge original ditch No. 15 and is calculated to and will dump more water into ditch No. 11 than was first contemplated; that permission to use ditch No. 11 as an outlet for such increased quantities of water has not been obtained; and that these appellants, who own land drained by ditch No. 11, will be injuriously affected by the improvement of ditch No. 15 because of the inadequacy of ditch No. 11 to handle such increased quantities of water. Hence, appellants contend that they are aggrieved parties and that, as to them, the order of dismissal is a final order.
The question presented by this appeal is whether a landowner claiming to be adversely affected by the establishment or improvement of a drainage ditch but who is not a party to the ditch proceedings and is not subject to assessment for benefits or entitled to damages may appeal as an aggrieved party from an order of the county board granting a petition for the establishment or improvement of such ditch without first taking some action to become a party, by intervention or otherwise, in the proceeding itself. We think not.
Ordinarily, only parties to the record or their privies may appeal. 1 Dunnell, Dig. & Supp. § 310. In State v. Tri-State T. & T. Co. 146 Minn. 247, 250, 178 N.W. 603, 604, we said:
"The right of appeal is purely statutory. The legislature may give or withhold it at its discretion. If it gives the right, it may do so upon such conditions as it deems proper. * * *
"* * * A stranger to an action cannot take any part in it except to intervene or apply for leave to become a party. Mann v. Flower, 26 Minn. 479, 5 N.W. 365; Hunt v. O'Leary, 78 Minn. 281, 80 N.W. 1120. He is not a party merely because he is directly interested in the result. Stewart v. Duncan, 40 Minn. 410, 42 N.W. 89, or has an independent claim he seeks to assert without being named as a party. Davis v. Swedish Am. Nat. Bank, 78 Minn. 408, 80 N.W. 953, 81 N.W. 210, 79 Am. St. 400. The term `parties' includes *19 those who are directly interested in the subject matter and who have the right to control the proceedings, examine and cross-examine the witnesses and appeal from the order or judgment finally entered. Robbins v. Chicago City, 4 Wall. 657, 18 L. ed. 427; Green v. Bogue, 158 U.S. 478, 503, 15 Sup. Ct. 975, 39 L. ed. 1061; Burrell v. U.S. 147 Fed. 44, 77 C.C.A. 308. The phrase `a party to the proceeding' is to be construed in its ordinary legal meaning, and embraces only such persons as are parties in a legal sense and who have been made or become such in some mode prescribed or recognized by law, so that they are bound by the proceeding."
To permit this appeal would enable any landowner opposed to the establishment or improvement of a drainage ditch but not directly affected by it to unduly interfere with and delay a much needed ditch improvement on a claim, whether meritorious or not, that he will be remotely or indirectly affected by the establishment or improvement of such ditch.
This does not mean that landowners affected as appellants claim to be will be left without a remedy. We have held that once a ditch system is established every landowner who has recovered damages or has been assessed benefits has a property right in the maintenance of the ditch in the same condition as it was when originally established.
"* * * A county board cannot damage a landowner's property by damming up the water without acquiring the right to do so. Schussler v. Board of Commrs. 67 Minn. 412, 70 N.W. 6, 39 L.R.A. 75, 64 A.S.R. 424. Neither can it accomplish that purpose by dumping water from a county ditch system into an entirely separate and distinct established ditch system without first acquiring the right to do so." In re Petition of Jacobson for Deepening, etc., of County Ditch No. 24, 234 Minn. 296, 299, 48 N.W. (2d) 441, 444.
This is true of the improvement of an established ditch which will cause more water to flow into an outlet ditch as well as of the establishment of a new ditch which is to use an established ditch as an outlet. If, as appellants contend, ditch No. 11 will be inadequate to *20 handle the increased flow of water from ditch No. 15 after the completion of the improvement here involved, one remedy is provided by our drainage code itself. M.S.A. 106.511 provides a method whereby the ditch used as an outlet, if found to be inadequate, may be enlarged so that it will be adequate to handle the increased flow of water and the benefits may be assessed where they belong. Prior to the adoption of L. 1947, c. 143, our statutes provided for the filing of a petition by the county board or by not less than 25 percent of the freeholders whose property would be affected by an overflow of a ditch used as an outlet and then for the consolidation of such petition with that contemplating the establishment of a ditch intending to use the one already established as an outlet. (M.S.A. 1945, § 106.77.) It was found to be impracticable to consolidate the two proceedings, so this provision was omitted in the revision of our drainage act in 1947 (L. 1947, c. 143).[2]
To give practical effect to § 106.511, it must be construed to include proceedings for the improvement of an established ditch where such improvement will result in a greater flow of water into the outlet ditch than was the case when the drainage system was originally established. As so construed, appellants have a remedy under the statute.
There may be other remedies, by injunction or otherwise, should the county board proceed with the improvement of ditch No. 15 so as to interfere with ditch No. 11 without proceeding according to due process of law.
We have not overlooked the fact that Herbert Pieper, one of the appellants in the Beckman appeal, is a party of record to the ditch proceedings. However, he already has another appeal which raises the same questions as are raised by the Beckman appeal and which is now pending for trial. Having once appealed to the district court, he could accomplish nothing more by an additional appeal. It must *21 be held that he has no interest in the Beckman appeal that is not adequately protected by his other appeal.
We are of the opinion that the trial court correctly dismissed the Beckman appeal on the ground that appellants are not aggrieved parties within the meaning of our appeal statute, and, for the same reason, the appeal here must be and is hereby dismissed.
Appeals dismissed.
NOTES
[1] Reported in 55 N.W. (2d) 305.
[2] See, Report of the Interim Commission to Revise and Codify Drainage and Water Resources Laws submitted to the legislature of the state of Minnesota, 1947.