# ROLAND REKEDALL AND ANOTHER v. COUNTY OF REDWOOD.

102 N. W. (2d) 682.

April 29, 1960—No. 37,913.

*Paul Ter Steeg,* for appellants.
*Smith, McLean & Peterson* and *Hubert G. Smith,* for respondent.

NELSON, JUSTICE.

This appeal grows out of a statutory ditch proceeding brought pursuant to M. S. A. 106.531.

On September 15, 1955, Judicial Ditch No. 33 of Redwood and

Yellow Medicine Counties was established by the District Court of Redwood County. The construction of the ditch was completed in the summer of 1957. On November 29, 1958, Judicial Ditch No. 32 of the same counties was established by the same court and construction of that ditch has since been in process. The lands to be drained by Judicial Ditch No. 32 are within the watershed of Judicial Ditch No. 33 and naturally drain therein, but such lands were not assessed for benefits in the construction of Judicial Ditch No. 33.

In the present proceeding petitioners sought authority to use Judicial Ditch No. 33 as an outlet for Judicial Ditch No. 32. On November 29, 1958, the district court issued its order granting the authority and fixing the benefits resulting to Judicial Ditch No. 32 as follows:

That the terms and conditions for the use of said Judicial Ditch No. 33 as an outlet are that said Judicial Ditch No. 33 be relocated and reconstructed at and below the point of junction of the two ditches, including the construction of an adequate bridge at the trunk highway crossing as shown in detail in the engineer's report at an estimated cost of $10,482.29, and that the carrying out of said construction for the necessary improvement of Judicial Ditch No. 33 at the expense of the taxpayers on said Judicial Ditch No. 32 constitutes adequate payment for said outlet.

That the lump-sum benefit to said Judicial Ditch No. 32 and the lands and properties drained thereby to be derived from said outlet is the sum of $12,500, herein fixed as a basis for future pro rata assessments, if any, for the repair and maintenance of said Judicial Ditch No. 33.

Thereafter, on December 9, 1958, Roland Rekedall and Louis Carity, who are owners of real estate affected by and involved in the establishment and construction of the completed Judicial Ditch No. 33, and whose lands were assessed for benefits therefor, claiming to be aggrieved by the above order, appealed to the district court from said order in so far as the same fails to award adequate damages to Judicial Ditch No. 33 for outlet privileges granted, or to fix an adequate charge therefor against Judicial Ditch No. 32. Appellants stated the grounds of their appeal as follows:

"The grounds of this appeal are that the failure of said order of November 29, 1958, to award adequate damages to said Judicial Ditch 33 or to fix an adequate outlet charge against Judicial Ditch No. 32 for permitting said Judicial Ditch No. 32 to outlet into said Judicial Ditch No. 33 is contrary to the facts and the law and amounts to a taking of the property of the parties in interest in said Judicial Ditch No. 33 without adequate compensation and results in a denial of due process of law."

The appellants alleged that as a result of the court's order Judicial Ditch No. 32 will be benefited in the sum of $25,000; that the parties in interest in Judicial Ditch No. 33 will by reason of said order sustain damages in the amount of $25,000; and that such sum should be fixed as an outlet charge and assessed against Judicial Ditch No. 32 and paid to Judicial Ditch No. 33 therefor. In addition, appellants gave notice of their request for jury trial of the issues raised.

The district court ordered the appeal dismissed and appellants now appeal to this court from that order.

■ The proceedings herein were brought under § 106.531 of the new drainage code, adopted by L. 1947, c. 143, § 53, and amended by L. 1953, c. 530. The Commission note of 1947 indicates that § 53 was taken from M. S. A. 1945, § 106.55, of the prior drainage law and explains that for the purpose of protecting other parties interested a hearing has been provided on notice by publication and that the lands affected shall be liable for future assessments the same as lands originally included. See, 9 M. S. A. 1959 Cumulative Annual Pocket Part, p. 96.

It is clear that the provisions of § 106.531 pertain specifically to the use of a drainage system as an outlet. Section 106.531, amended by L. 1959, c. 311, provides as follows:

"After the construction of any county or judicial ditch, no public or private ditch or ditch system, either open or tiled, for the drainage of land not assessed for benefits for such ditch, shall be constructed so as to use the ditch as an outlet without having first secured express authority so to do from the county board, in the case of a system lying

wholly within one county, or from the district court of the county in which a system lying wholly within one county was established, in the case where the lands for which an outlet is sought lie within another county or from the district court that originally ordered the construction, in the case of a system extending into two or more counties. Any person desiring to so utilize an existing ditch shall petition the board or court. * * * Upon the hearing the board or court shall consider the capacity of the outlet ditch and, if consent be given to construct the ditch or ditch system, shall fix by order the terms and conditions for the use of the ditch as an outlet and shall fix the amount that shall be paid therefor. No private ditch or ditch system shall be constructed using the ditch as an outlet until the sum fixed by the order is paid by the petitioner to the county treasurer of the county wherein petitioner's property is located. The amount so fixed for an outlet charge for any proposed public ditch or ditch system shall be deemed a part of the cost of such proposed ditch or ditch system to be paid by assessment against the lands and properties benefited by the proposed ditch or ditch system, as provided by section 106.341, and credited to the fund of the existing ditch. *The order shall also describe the property to be benefited by the ditch or ditch system and shall fix the amount of benefits to such property for the outlet. The property so benefited shall be liable for assessments thereafter levied in such ditch system, on the basis of the benefits so found, the same as though such benefits had been determined in the original order establishing the ditch.*" (Italics supplied.)

A reading of § 106.531, which requires strict statutory construction, does not permit the construction that a jury is to fix the amount of benefits for an outlet. It provides that the order, and that means either an order of the county board or of the district court, shall describe the property to be benefited by the ditch or ditch system and shall fix the amount of benefits to such property for the outlet and the amount to be paid for the outlet.

The proceeding here does not involve the fixing of benefits and damages by court-appointed appraisers as in a proceeding to establish a drainage ditch where the statute grants the landowner the right of appealing to the district court, upon certain conditions, if he deems the

award of the appraisers fixing benefits and damages unsatisfactory. Clearly, the powers granted to the district court under § 106.531 are strictly statutory. All issues in the outlet proceeding are to be tried to the district court which has the duty of fixing the terms and conditions for the use of the ditch as an outlet, the amount that shall be paid therefor, and the amount of benefits to the benefited property for the outlet, the same as though such benefits had been determined in the original order establishing the ditch.

No appeal was taken from the order granting the outlet; appellants directed their appeal only to the adequacy of the charge for the outlet.

■ We now come to the question of the right of appeal provided by § 106.631 of the Drainage Act, subd. 1 of which provides:

"Any party aggrieved thereby, may appeal to the district court from an order of the board or court made in any proceeding and entered upon its record determining any of the following matters:

"(1)  The amount of benefits determined;

"(2)  The amount of damages allowed;

"(3)  Relative to the allowance of fees or expenses in any proceeding."

Subd. 2(a) provides that any person appealing on the first or second ground named may include and have considered and determined benefits or damages affecting property other than his own but notice of such appeal shall be served upon the owner or occupant of such other property or upon the attorney who represents such owner in the proceedings. Subd. 2(b) provides the manner in which the appeal to the district court is effectuated, and subd. 2(c) provides that the issues raised by the appeal shall stand for trial by jury. Subd. 3 provides that in all cases of appeal the amount awarded by the jury as finally determined shall stand for and in the place of the amount from which the appeal was taken.

Subd. 4 provides that any party aggrieved thereby may appeal to the district court of the county where the proceedings are pending from any order made by the county board dismissing the petition for any drainage system or establishing or refusing to establish any drain-

age system. It also provides that upon perfection of such appeal it shall be tried by the court without a jury. It further provides that, if such appeal be from an order establishing a ditch, the trial of any appeals from benefits or damages in the ditch proceeding shall be stayed pending the determination of such appeal; and, if the order establishing be affirmed, any such appeals from benefits or damages shall then stand for trial as provided by this section. It is plain that the clause, "any such appeals from benefits or damages shall then stand for trial as provided by this section," refers to an appeal from the assessment of benefits or damages provided for under subd. 1 of this section and does not refer to any proceeding under § 106.531; more specifically, it does not refer to the order of the court fixing the terms and conditions for the use of a ditch as an outlet or fixing the amount that shall be paid therefor or the amount of benefits for the outlet.

Section 106.631, subd. 5, provides:

"Any party aggrieved by a final order or judgment rendered on appeal to the district court, or by the order made in any judicial ditch proceeding dismissing the petition therefor or establishing or refusing to establish any judicial ditch, may appeal therefrom to the supreme court in the manner provided in civil actions. Such appeal shall be made and perfected within 30 days after the filing of the order or entry of judgment. The notice of appeal shall be served on the clerk of the district court and need not be served on any other person."

Subd. 6 provides:

"In any proceeding before the board or court for the repair pursuant to petition, or for the improvement of any drainage system, or for public laterals thereto, or for the improvement of an outlet under section 106.511 or for the abandonment of any ditch, the same right of appeal to the district or supreme court shall be had as from a similar order made in a proceeding to establish a drainage system as herein provided; and on like grounds and with similar procedure."[1]

---

[1]See, Commission note in 9 M. S. A. 1959 Cumulative Annual Pocket Part, p. 103.

While the County of Redwood is named as respondent, it is only a nominal party and has no real interest in the outcome of the litigation and therefore it is not an aggrieved person within the meaning of § 106.631, subd. 5. The real parties in interest in this proceeding are the petitioners for the establishment of Judicial Ditch No. 32, who seek the outlet in Judicial Ditch No. 33.

This court in In re Petition of Abel, 253 Minn. 452, 92 N. W. (2d) 800, held that:

"A county which has no interest in the outcome of the litigation is not an aggrieved person within the meaning of M. S. A. 106.631, subd. 5, and has no right to appeal from an order of the district court which set aside an order of the county board in a drainage proceeding."

The petitioners who initiated the proceedings under § 106.531 moved the court below for an order dismissing the appeal to the district court upon the ground that the supreme court had the sole appellate jurisdiction therein and that therefore no appeal would lie to the district court. The district court correctly granted the motion.

The respondent cites In re Petition of Lippmann, 249 Minn. 1, 81 N. W. (2d) 100, as deciding that an appeal from an order authorizing the use of a judicial ditch as an outlet and determining the amount to be paid therefor may be taken to the supreme court under § 106.631, subds. 5 and 6, and that the terms and conditions imposed, as well as the benefits and amount of payment fixed, are subject to review only on proper appeal to this court. There were two petitions involved in that case, one for the establishment of Lateral A to Judicial Ditch No. 13 of the Counties of Sibley, Renville, and Nicollet; and one for drainage of said lateral into said ditch. The court below found for the petitioners in each case, and appeals were taken from both orders. The appeals were, pursuant to stipulation, consolidated for hearing and argument before the supreme court.

Errors assigned in the Lippmann case were, first, that the trial court erred in finding that Judicial Ditch No. 13 was of sufficient capacity to serve as an outlet for said lateral, and, second, that the trial court erred in finding that the amount to be paid for said outlet by said lateral should be $2,000.

We held in the Lippmann case, where the proceedings had been initiated under §§ 106.521 and 106.531, that these provisions are supplementary to each other and, while they are to be read with other provisions of c. 106, they must be construed together to effect the practical purpose for which they were enacted, and that § 106.531, supplementary to § 106.521, provides how drainage systems may be put to use as outlets.

We held in In re Petition for County Ditch No. 53, Chippewa County, 238 Minn. 392, 57 N. W. (2d) 158, that a separate ditch or drainage system is not a lateral within the meaning of § 106.531. We are dealing in the present case with two separate ditch systems, Judicial Ditch No. 33 and Judicial Ditch No. 32.

It was also ruled in the Lippmann case that (249 Minn. 13, 81 N. W. [2d] 107):

"* * * the establishment of laterals into drainage ditches is not authorized under petition for repair proceedings, but is permitted only in a proceeding for improvement of outlet into an established ditch, and for establishment of a lateral or laterals into such ditches, such proceedings being statutory. In re Judicial Ditch No. 7, Martin and Faribault Counties, 238 Minn. 165, 56 N. W. (2d) 435, 57 N. W. (2d) 29; In re Petition for Repair of County Ditch No. 1, Faribault County, 237 Minn. 358, 55 N. W. (2d) 308."

An important issue presented by this appeal is whether the appellants are parties aggrieved by a final order made in a judicial ditch proceeding. If the appellants qualify as an aggrieved party involving a proceeding under § 106.531, then their appellate rights are governed by § 106.631, subd. 5, since the order would not be appealable to the district court, this court clearly having the sole appellate jurisdiction thereof.

We think that In re County Ditch No. 15, Chippewa County, 238 Minn. 15, 55 N. W. (2d) 305, is determinative of the instant case. It was held in that case that landowners who are not parties to a proceeding for improvement of a drainage ditch and are not subject to an assessment for benefits or entitled to damages are not aggrieved

parties within the meaning of § 106.631 so as to entitle them to appeal to the district court from an order of the board of county commissioners granting a petition for such improvement or to appeal to this court from an order of the district court dismissing such appeal.

The question presented by appeal in In re County Ditch No. 15, Chippewa County, *supra*, was whether a landowner claiming to be adversely affected by the establishment or improvement of a drainage ditch, who was not a party to the ditch proceeding and was not subject to assessment for benefits or entitled to damages, has the right of appeal as an aggrieved party from an order of the county board granting a petition for the establishment or improvement of such ditch without first taking some action to become a party, by intervention or otherwise, in the proceeding itself. The court said, "We think not," and then made the following statements with supporting citations (238 Minn. 18, 55 N. W. [2d] 307):

"Ordinarily, only parties to the record or their privies may appeal. 1 Dunnell, Dig. & Supp. § 310. In State v. Tri-State T. & T. Co. 146 Minn. 247, 250, 178 N. W. 603, 604, we said:

" 'The right of appeal is purely statutory. The legislature may give or withhold it at its discretion. If it gives the right, it may do so upon such conditions as it deems proper. * * *

" '* * * A stranger to an action cannot take any part in it except to intervene or apply for leave to become a party. Mann v. Flower, 26 Minn. 479, 5 N. W. 365; Hunt v. O'Leary, 78 Minn. 281, 80 N. W. 1120. He is not a party merely because he is directly interested in the result. Stewart v. Duncan, 40 Minn. 410, 42 N. W. 89, or has an independent claim he seeks to assert without being named as a party. Davis v. Swedish Am. Nat. Bank, 78 Minn. 408, 80 N. W. 953, 81 N. W. 210, 79 Am. St. 400. The term "parties" includes those who are directly interested in the subject matter and who have the right to control the proceedings, examine and cross-examine the witnesses and appeal from the order or judgment finally entered. Robbins v. Chicago City, 4 Wall. 657, 18 L. ed. 427; Green v. Bogue, 158 U. S. 478, 503, 15 Sup. Ct. 975, 39 L. ed. 1061; Burrell v. U. S. 147 Fed. 44, 77 C. C. A. 308. The phrase "a party to the proceeding"

is to be construed in its ordinary legal meaning, and embraces only such persons as are parties in a legal sense and who have been made or become such in some mode prescribed or recognized by law, so that they are bound by the proceeding.' "

This court in that case indicated that to permit the appeal would enable any landowner opposed to the establishment or improvement of a drainage ditch, but not directly affected by it, to unduly interfere with and delay much-needed ditch improvements on the claim, whether meritorious or not, that he would be remotely or indirectly affected by the establishment or improvement of such ditch, but reasoned that this did not mean that landowners affected as appellants in that case claimed to be would be left without a remedy. Where a ditch system has once been established, every landowner who has recovered damages or who has been assessed benefits has a property right in the maintenance of the ditch as it was when originally established. Such landowner, however, is not without a remedy as (238 Minn. 19, 55 N. W. [2d] 307):

"'* * * If, as appellants contend, ditch No. 11 will be inadequate to handle the increased flow of water from ditch No. 15 after the completion of the improvement here involved, one remedy is provided by our drainage code itself. M. S. A. 106.511 provides a method whereby the ditch used as an outlet, if found to be inadequate, may be enlarged so that it will be adequate to handle the increased flow of water and the benefits may be assessed where they belong. * * *

"To give practical effect to § 106.511, it must be construed to include proceedings for the improvement of an established ditch where such improvement will result in a greater flow of water into the outlet ditch than was the case when the drainage system was originally established. As so construed, appellants have a remedy under the statute.

"There may be other remedies, by injunction or otherwise, should the county board proceed with the improvement of ditch No. 15 so as to interfere with ditch No. 11 without proceeding according to due process of law."

In fact, the holding in the foregoing case can be summed up as follows:

"* * * A user of a ditch which would become overloaded with water because of a drainage improvement is held not to be a 'party aggrieved' by the improvement, because the user is only 'remotely or indirectly affected.' "[2]

As to statutory rules of construction, see § 645.16. If on its face or in application to its subject matter a statute's meaning is plain, rules of construction do not apply. Trustees of Pillsbury Academy v. State, 204 Minn. 365, 283 N. W. 727. In other words, where statutory meaning is clear, there is no place for rules which aid in ascertaining meaning of statute. Walker v. United States (8 Cir.) 83 F. (2d) 103.

The question of when a party may be an aggrieved party was discussed in J. L. Shiely Co. v. Chicago, M. St. P. & P. R. Co. 252 Minn. 535, 91 N. W. (2d) 116, citing and relying upon this court's interpretation of § 106.631 from In re County Ditch No. 15, Chippewa County, *supra.*

Appellants contend that In re Petition of Lippmann, *supra,* cannot be understood as authority for the district court's dismissing the appeal. We think that a consideration of that case, together with In re County Ditch No. 15, Chippewa County, *supra,* is determinative of the issues involved here and that the dismissal by the court below, from which the appeal has been taken, was justified by both statutory and decision law of this state where the proceedings were instituted pursuant to § 106.531.

Affirmed.

MR. JUSTICE LOEVINGER, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[2]See, 39 Minn. L. Rev. 422.