# IN RE COUNTY DITCH NO. 50, FARIBAULT COUNTY.
## SHERMAN OLSON AND ANOTHER v.
## COUNTY OF FARIBAULT.

177 N. W. (2d) 54.

May 8, 1970—No. 41890.

*Putnam, Spencer & Johnson,* for appellants.
*Frundt, Hibbs & Frundt,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

Appeal from the district court's order dismissing appellants' appeal from an order of the Board of County Commissioners of Faribault County.

This case involves the proposed construction of a lateral drain which will empty into County Ditch No. 50, which was constructed in 1917. The property alongside the proposed Lateral H is drained by a private tile, which empties into Ditch No. 50.

The owners of this property were duly assessed for the construction costs of Ditch No. 50.

The tile has become inadequate, and in October 1966 the landowners petitioned the county board to establish a lateral to replace the tile. Notice was mailed to persons thought to be affected by the lateral, but notice was not sent to owners of land adjacent to County Ditch No. 50.

The county engineer first concluded that Ditch No. 50 would not be able to handle the increased water flow from the proposed lateral. However, at the first preliminary hearing he learned that one of the petitioners intended to construct a waterway to divert much of the surface water runoff. The hearing was adjourned until October 3, 1967, and after reconsideration the engineer recommended that the lateral be constructed.

The final hearing was held on May 27, 1968, and was continued to June 4, 1968. Appellants appeared for the first time at this hearing opposing the lateral. The county board found that the lateral should be constructed and its order to that effect was signed on June 17, 1968.

Appellants appealed to the district court on the grounds that proper notice was not given to all persons concerned with County Ditch No. 50 and that the outlet into Ditch No. 50 was inadequate in that Ditch No. 50 could not handle the increased water. The trial court ordered the appeal dismissed on the first ground and the propriety of so doing is all that is involved in this appeal. One of the appellants, David Peterson, owned land along the proposed lateral. His claim that the outlet is inadequate is being considered on the merits by the district court.

Minn. St. 106.521 prescribes the procedure to be followed in constructing laterals. Specific authority did not have to be given for the lateral to empty into Ditch No. 50 since the petitioners had always been assessed for the cost of Ditch No. 50. If the petitioners had not been so assessed previously, § 106.521 would have required express authority.

Appellants claim that § 106.101, subd. 1, which requires notice

to be sent 10 days before the preliminary hearing to all persons affected by a ditch improvement, means that they should have been notified. However, appellants were so indirectly affected that it was not necessary to notify them.

In In re County Ditch No. 15, Chippewa County, 238 Minn. 15, 55 N. W. (2d) 305, County Ditch No. 15 emptied into County Ditch No. 11. Authority was procured at the time of the establishment of County Ditch No. 15 to use Ditch No. 11 as an outlet. Petitioners sought to enlarge Ditch No. 15, and appellants, who owned land drained by Ditch No. 11, claimed they would be damaged. The court held that appellants were not parties to the Ditch No. 15 proceedings and that their appeals therefore must be dismissed. We said that to permit any landowner indirectly affected by a ditch improvement to be a party to the improvement proceedings would delay the proceedings unduly. However, we noted that the appellants could move to have the outlet ditch enlarged and thus were not without a remedy. We also noted that a proceeding to enlarge the outlet was separate from the improvement proceeding, pointing out that at one time it was possible to consolidate the two proceedings (Minn. St. 1945, § 106.77), but that because this had proved impracticable, the provision providing for consolidation was omitted from the 1947 revision of the Drainage Code. L. 1947, c. 143. This case was reaffirmed in Rekedall v. County of Redwood, 258 Minn. 70, 102 N. W. (2d) 682.

In In re Petition of Jacobson re County Ditch No. 24, 234 Minn. 296, 48 N. W. (2d) 441, petitioners wanted to establish Ditch No. 24A to replace Ditch No. 24. Ditch No. 24 emptied into Ditch No. 1. The proposed Ditch No. 24A was to have emptied into Ditch No. 1, a substantial distance downstream from the Ditch No. 24 outlet. The county board approved the new Ditch No. 24A, but on appeal to the district court, the board's order was reversed. It was held that Ditch No. 1 would not provide an adequate outlet. This court affirmed and said that Ditch No. 1 landowners had a vested right to have the ditch maintained as

it was. Ditch No. 1 would be altered if Ditch No. 24A were constructed.

The Jacobson case can be distinguished from In re County Ditch No. 15, Chippewa County, *supra*, in that an entirely new outlet was being constructed in the Jacobson case for which authority had to be given. In the Ditch No. 15 case the outlet was only being improved.

In re County Ditch No. 15, Chippewa County, *supra*, controls this case. It was not necessary that appellants be notified. The landowners along Ditch No. 50 are not proper parties to the proceedings to establish Lateral H since they are only indirectly affected. Of course this is true only because Lateral H landowners have already been assessed for Ditch No. 50, and no express authority had to be given for the outlet.

Minn. St. 106.511 provides appellants with an entirely separate and very adequate remedy through a petition for improvement of the outlet.

Affirmed.