IN RE PETITION OF STANLEY CARLSON AND OTHERS FOR
COUNTY DITCH NO. 71, COUNTY OF LYON.
STATE, BY DOUGLAS M. HEAD, ATTORNEY GENERAL, v.
COUNTY OF LYON.

202 N. W. 2d 889.

November 17, 1972—No. 43140.

*Warren Spannaus,* Attorney General, *John M. Mason,* Solicitor General, and *William G. Peterson,* Special Assistant Attorney General, for appellant.

*P. M. Meehl* and *Irving J. Wiltrout,* for respondents.

PER CURIAM.

This case originated when petitioners sought the establishment and construction of a ditch system in Lyon County as provided by Minn. St. 106.031. The Good Medicine Wildlife Management Area is state-owned property which lies adjacent to the proposed ditch. The wildlife area consists of 56.1 acres of wetlands owned and maintained by the state for the propagation of game and for public hunting. In the proceedings to establish the ditch, the state maintained that the ditch would cause damage to the wetlands. When the county board determined to establish the ditch, the confirmed viewers' report did not list the state as an affected party and the order establishing the ditch did not award any damages to the state.

Pursuant to Minn. St. 106.631, the state sought to appeal the county board's order to the district court. The court, upon the county's motion, dismissed the appeal because the state was not a "party aggrieved" by the establishment of the ditch. The lower court's reasoning was that only a party which has been "assessed damages" or "awarded benefits" has the right to appeal under § 106.631. The state's recourse, according to the lower court, was to intervene in another party's appeal.

The state asserted in the trial court that the plan for the ditch system would change the course of a creek and that the county board had not sought a permit from the commissioner of natural resources under Minn. St. 105.42. The trial court in effect ruled that any issue relative to Minn. St. 105.42 could not be raised in appeals relating to the establishment of a ditch which were brought pursuant to Minn. St. 106.631.

Thus, there are two issues raised on appeal. First, does the state have standing and a right to appeal to the district court as a party directly affected by the establishment of a county ditch where no damages have been assessed against it and no benefits awarded to it? We answer this question in the affirmative and reverse.

The second issue, to-wit: Is the failure of the county board to apply for a permit pursuant to Minn. St. 105.42 relevant to an appeal to the district court under § 106.631? We answer this question in the negative and affirm the trial court as to it.

Minn. St. 106.631, subd. 1, governs the grounds of appeal to the district court:

"Any party aggrieved thereby, may appeal to the district court from an order of the board or court made in any proceeding and entered upon its record determining any of the following matters:
"(1)   The amount of benefits determined;
"(2)   The amount of damages allowed;
"(3)   Relative to the allowance of fees or expenses in any proceeding."

In State ex rel. Wickstrom v. Board of County Commrs. 98 Minn. 89, 107 N. W. 730 (1906), this court faced a case strikingly similar to the instant appeal. The proposed ditch did not cross appellants' land but threatened to damage them by causing a great amount of water to drain onto their land. The county board neither awarded them damages nor named them as parties. Nevertheless, this court ruled that the landowners had standing and were parties in substance and entitled to judicial review.

In In re Petition of Stevens, 291 Minn. 263, 190 N. W. 2d 482 (1971), we held that where a proposed county ditch threatens to damage state-owned wetlands, the state has the same rights under c. 106 as any landowner. A landowner whose property may be damaged by the establishment of a county ditch is a party in substance to the proceedings and has a right to appeal to the district court. The fact that his damages are not included in the viewers' report should not determine the right to appeal. While the viewers' report is presumed correct, the presumption is not conclusive.

The lower court remarked that the state's proper remedy was to intervene in another party's appeal. This remedy would be ineffective if no other party bothered to object to the county board's decision.

In re Petition of Abel, 253 Minn. 452, 92 N. W. 2d 800 (1958), and Rekedall v. County of Redwood, 258 Minn. 70, 102 N. W. 2d 682 (1960), do not require an opposite result. In both cases, appeals were dismissed because the appellants were only remotely and indirectly affected. In Abel, Martin County, the nominal appellant, had no interest in the litigation. Rekedall involved a petition by some landowners for use of one ditch as an outlet for another. Both appellants owned land which adjoined the proposed outlet ditch. Their claim for damages was premised on their status as users of that ditch and their contention that it would be overloaded with water because of the contemplated drainage improvement. In the instant case, the state's lands abut the ditch to be established by the county board and it is the state's contention that the ditch would directly cause damage to the wetlands by draining the water from them.

Because the state's lands are directly affected by the proposed ditch, it is a "party aggrieved" and entitled to appeal to the district court under Minn. St. 106.631.

The trial court correctly determined that the state should not be permitted to litigate any issues arising out of § 105.42 on the appeal under § 106.631. As indicated in that court's memorandum, that ruling was without prejudice to the rights of the state to seek whatever remedies may be available to it under Minn. St. c. 105. The county board might secure such a permit after the ditch proceedings and appeal have been concluded. If the county board actually starts to build the ditch without such a permit, the state may then seek such remedies as the law may provide.

Affirmed in part, reversed in part, and remanded.

Mr. Justice Todd and Mr. Justice MacLaughlin, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.